J. C. JOHNSON v. B. H. GAVITT, Appellant.

**Fraud:** PURCHASE ON JOINT ACCOUNT: *Damages.* Defendant, having been made the depositary of plaintiff's money, proposed that they should jointly purchase land, to which plaintiff assented; and defendant made a purchase, using plaintiff's money therein, representing that the price was $10 per acre, when it was but $5 per acre, and taking title in himself. Afterwards plaintiff's share, on the basis of a purchase at $10 per acre, was conveyed to him. *Held,* that there was fraud, rendering defendant liable for the difference between the price paid and that represented, though plaintiff realized from his land more than $10 an acre.

*Appeal from Harrison District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, MAY 22, 1901.

ACTION for damages for fraud and deceit. The case was entitled and tried in equity, and judgment rendered in plaintiff's favor for the sum of $1,200, with interest. Defendant appeals.—*Affirmed.*

*S. H. Cochran* for appellant.

*Harding & Harding* for appellee.

WATERMAN, J.—No objection is made as to the character of the action or the forum in which it was tried. The case turns upon its facts. It is not our custom to discuss at length matters of fact only, so we shall do no more than outline the evidence sufficiently to show the grounds for the conclusion we reach upon certain legal propositions involved. Defendant was engaged in the sale of merchandise at Moorhead, in this state. Plaintiff was in his employ. Plaintiff had a high regard for his employer, and such implicit confidence in his capacity and integrity that he made him the depositary of all his savings, amounting to some $2,000. This state of affairs continued for some time, when defendant proposed that he and plaintiff join in purchasing a section of land in Texas. To this plan plaintiff assented, and in pursuance of it defendant went to Texas, the expense of the trip being shared equally, to look after the matter. While there he notified plaintiff that he was able to secure a section at $10 per acre, and asked what he should do. Plaintiff responded, in effect, to exercise his own judgment. The purchase was made, and a deed taken in defendant's name. Afterwards defendant stated that he could sell 80 acres to one Guin at $10 per acre. Plaintiff requested that this sale be made out of his interest, as he had difficulty in raising funds to pay for his share. He was later told by defendant this had been done. Subsequently, on a division, defendant conveyed to plaintiff 240 acres, which was the latter's share, for the sum of $2,400. It is undisputed that the price paid by defendant for the land was but $5 per acre.

It is manifest that defendant unjustifiably and purposely wronged plaintiff. But it is said there was no legal fraud, because defendant purchased the land for himself, and sold to plaintiff, and the latter had no right to rely on what was said as to its cost. The purchase was clearly on joint account, and not for defendant's own benefit; for plaintiff's money was used to pay the purchase price, and he was consulted before the bargain was made. The other proposition,

that the statement as to the purchase price paid does not constitute a fraud, is sufficiently answered by this court in *Dorr v. Cory,* 108 Iowa, 725, a case quite similar in principle to the one at bar. It is there said: "We cannot assent to the proposition that the statement of a vendor that he paid a specified price for property he sells is a mere expression of opinion upon which the purchaser had no right to rely. On the contrary, we think it is a statement of fact; and if the purchaser, without knowing or having reason to know what price was paid, relies upon the false statement to his injury, he is entitled to relief"—citing *Teachout v. Van Hoesen,* 76 Iowa, 113; *Iler v. Griswold,* 83 Iowa, 442; *Coles v. Kennedy,* 81 Iowa, 360; *French v. Ryan,* 104 Mich. 625 (62 N. W. Rep. 1016); *Moon v. McKinstry,* 107 Mich. 668 (65 N. W. Rep. 546); *Wollen Co. v. Smalley,* 111 Mich. 321 (69 N. W. Rep. 722). We regard this rule is especially applicable where relations of trust and confidence exist between the parties, as was the case here.

II. After securing title to the 240 acres, plaintiff traded away 200 acres, placing on it, for trade purposes, a value of $15 per acre. It is now insisted by appellant that because of this fact plaintiff has not been harmed, and therefore should not recover. If plaintiff had received $15 per acre for his land, we do not see why the fact should avail defendant. Plaintiff was entitled to all the profit he could make from the property. He should not be obliged to share it with defendant. But he made no profit. While he put the land in the trade at $15 per acre, he received in exchange property at an inflated figure, and has lost on the whole transastion, beginning with his original purchase, fully as much as the trial court awarded him. The judgment was entirely warranted, and is AFFIRMED.