## E. T. RUTLEDGE et al., Respondents, v. JAMES W. TARR, Appellant.

### Kansas City Court of Appeals, June 9, 1902.

1. **Pleading: PARTIES: DEMURRER: ANSWER.** By answering over, the defendant waives objections to the improper joinder of parties plaintiff.

2. **———: PETITION.** A petition mentioned in the opinion states a cause of action.

3. **Appellate Practice: PARTIES: ANSWER: EXCEPTION.** Part of an answer relating to a misjoinder of parties plaintiff was stricken out and no exceptions saved; this action can not therefore be noticed by the appellate court.

4. **Evidence: OBJECTIONS.** A general objection to the admission of evidence is insufficient; the reasons must be given.

5. **Appellate Practice: DEMURRER TO THE EVIDENCE: ABSTRACT.** On a demurrer to the evidence, the abstract must set forth the whole testimony or the appellate court can not notice it.

6. **———: STATEMENT.** The rules of the appellate courts require an appellant to furnish a statement of his case.

Appeal from Cedar Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

· *W. C. Hastin* and *T. L. Nelson* for appellant.

(1)   The court committed error in allowing plaintiff, over the objection of defendant, to read to the jury the transcribed notes of the testimony of J. W. Tarr, defendant, as taken by the official stenographer in a former trial.   This was especially erroneous when, as in this case, the witness whose testimony was read was alive and present in court.   Padley v. Catterlin, 64 Mo. App. 629; Byrd v. Hartman, 70 Mo. App. 57; Dempsey v. Lawson, 76 Mo. App. 522; Short v. Taylor, 137 Mo. 517; Hedges v. Wear, 28 Mo. App. 575.   (2)  The court should have given the peremptory instruction asked by defendant at close of plaintiffs' case.   There was an entire absence of proof or any fact or circumstance tending to show a contract of partnership between plaintiffs and defendant.   Kelley v. Gaines, 24 Mo. App. 506; Rankin v. Fairly, 29 Mo. App. 587; Martin & Sheridan Bros. v. Cropp, 61 Mo. App. 607; Mackie v. Mott, 146 Mo. 230; Donnell v. Harshe, 67 Mo. 170; Musser v. Brink, 68 Mo. 242; Clifton ·v. Howard, 89 Mo. 192; Simons v. Ingram, 78 Mo. App. 603.   (3)  The court erred in refusing to allow defendant to prove that there were more than one item of unsettled accounts between them. Bambrick v. Simms, 132 Mo. 48; Buckner v. Ries, 34 Mo. 357; Feurt v. Brown, 23 Mo. App. 332. (4) The case at bar is an equity case, and plaintiffs can not maintain their action in a court of law.   The court had no jurisdiction and should have sustained the demurrer to the petition, and failing to do that should have sustained the demurrer to· plaintiff's evidence.   Rankins v. Fairley, 29 Mo. App. 587.

*Cole & Burnett* and *Ira E. Barber* for respondents.

(1) The appellant is not entitled to the consideration of this court of any matter of exception to any action of the court in ruling upon motions, the admission or exclusion of evidence, or in the giving, or refusal, of instructions to the jury, because: (a) He has not made out and furnished this court with a clear and concise statement of the case and the points intended to be insisted upon in argument, as required by the law. R. S. 1899, sec. 863. (b) He has not made out and furnished a statement of the case of any kind. (c) He has not made out and furnished to the court "a printed abstract of the record in said cause, setting forth so much thereof as is necessary for a full understanding of all the questions presented to this court for decision, together with a brief containing, in numerical order, the points, or legal propositions relied on," as required by the rules of this court. Rule 15, Kansas City Court of Appeals; Liggett v. Johnston, 61 Mo. App. 201; Mills v. McDaniels, 59 Mo. App. 331; Long v. Long, 96 Mo. 180; Halstead v. Stone, 147 Mo. 649. (2) The court properly admitted the evidence of the court stenographer showing defendant's testimony in another case. It was an admission of the defendant. Schlicker v. Gordon, 19 Mo. App. 479; Carter v. Carter, 44 Mo. 195; Nelson v. Nelson, 90 Mo. 460; Bogie v. Nolan, 96 Mo. 85, 1. c. 90-91; Schradski v. Albright, 93 Mo. 42; Padley v. Catterlin, 64 Mo. App. 641; Byrd v. Hartman, 70 Mo. App. 59; Dempsey v. Lawson, 76 Mo. App. 527. (3) The agreement between plaintiffs and defendant to go in together and purchase the threshing machine as partners, was not only proved, but conceded at the trial. (4) Whether or not the plaintiffs were properly joined, was a question that was not, after defendant's first answer was filed, open to further consideration by the court. Finney v. Randolph, 68 Mo. App. 557, 1. c., 560; Donohue v. Bragg, 49 Mo. App.

273; Paddock v. Somes, 102 Mo. 226; Loan and Trust Co. v. Brown, 59 Mo. App. 461; Mississippi Planing Mill Co. v. Presbyterian Church, 54 Mo. 520. If defendant answers over after his demurrer is overruled, he will waive all objections raised by demurrer. Spillane v. Railroad, 111 Mo. 555; Haughy v. Joyce, 41 Mo. App. 564. (5) The plaintiffs had a right to maintain their action at law for damages, arising from the fraud and deceit of defendant, because the partnership affairs were settled as shown by the evidence. Willis v. Barron, 143 Mo. l. c. 458; Stone v. Wendover, 2 Mo. App. 248; Baker v. Robinson, 55 Mo. App. 171; Mullany v. Keenan, 10 Iowa 224; Powers v. Braley, 41 Mo. App. 556; Singer v. Heller, 40 Wis. 546; Story on Partnership, sec. 218, page 343.

ELLISON, J.—This action is based on a petition wherein plaintiffs charge that they and defendant entered into a partnership to buy a certain threshing machine, which they were to operate together; that defendant by false and fraudulent representations induced plaintiffs to believe that they and defendant could purchase a machine of one Zollman for $1,200, and that each would pay $400 thereof; that he thereby induced plaintiffs, in reliance upon him, to give him $400 each, for the purpose of paying their part of the purchase price so represented by defendant. The truth is then charged to be that defendant, at the time of these representations, was already himself the owner of the machine, having bought it of Zollman for $800. They then allege damage in the sum of $266.66, for which they ask judgment. The judgment in the trial court was for plaintiffs.

There was a demurrer to plaintiffs' petition for the reason of improper joinder of parties and that no cause of action was stated. The demurrer was overruled and defendant answered. By answering, defendant waived the demurrer except the ground attacking the suffi-

Rutledge v. Tarr.

ciency of the statement of the cause of action. That it does state a cause of action clearly appears from the short statement we have just made of its contents.

Defendant, by answer, again set up improper joinder of plaintiffs and an improper joinder of two causes of action in one count. That portion of the answer was stricken out and no exception preserved in the abstract presented here.

The court admitted in evidence the transcribed notes of defendant's evidence taken in a trial between defendant and the aforesaid Zollman. The objection to this evidence was general, the abstract merely stating that it was permitted to be read "over the objections of defendant." The reasons for objections should have been given.

At the close of plaintiffs' case defendant offered a demurrer to the evidence which the court overruled. This point we can not notice since all of the evidence is not preserved in the abstract, only about one-fifth of the evidence being presented. We have time and again ruled that, on a demurrer to evidence, it must all be set forth.

All other objections to the judgment go back to the point of a lack of evidence to sustain the different essentials charged to be necessary to plaintiffs' case. But, as just stated, since defendant has not set forth all of the evidence, we can not say whether the contention is well or ill founded.

But in addition to the foregoing, there is no statement of defendant's case to be found in his abstract or brief, as is specially required by the statute and rules of court.

The judgment is affirmed. All concur.