## F. B. Vennum v. J. O. Palmer, et al.

1. FRAUD AND DECEIT—*what constitutes.* A representation that an option to purchase property at a specified price has been obtained when in fact a rebate from such price is to be made, constitutes a fraud and deceit where such representation induces others to join in the joint purchase of such property.

2. FRAUD AND DECEIT—*when action for, lies at law.* The remedy at law for fraud and deceit lies where one party induces another to join with him in the purchase of property on the representation that a specified sum will be required to effect the purchase thereof when as a matter of fact a rebate from such specified sum is to be obtained by the party making such representation.

Action on the case for fraud and deceit. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

RAY, DOBBINS & RILEY, for appellant.

F. M. GREEN & SON, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

F. B. Vennum brought suit in the Circuit Court of Champaign County against Palmer and Fisher and filed a declaration in which he alleged in substance that the defendants on the first day of January, 1905, intending to defraud the plaintiff, represented to him that the said defendants could procure a farm in Gray County, Kansas, for $3,480 and then exchange said farm with an additional sum of $3,480 for the stock of goods of one Cassingham; that they, the said defendants, did not have the money to procure said land and make said exchange, and if the plaintiff would furnish one-half of all the money necessary to carry the deal through, the said defendants would furnish the other one-half, and they would then own the drug stock jointly, *i. e.* the plaintiff would own one-half and the defendants the other half thereof, which they could sell at a profit; that said defendants then and there falsely represented to the plaintiff that the price named was the lowest sum for

which said land could be procured and that the owner thereof would not sell even at that price if he became aware that any one other than said Palmer was to become the owner; that said defendants also, by that means, induced plaintiff to allow Palmer to purchase said land and procure the deed therefor; and thereupon falsely represented to plaintiff that they had paid the sum of $3,480 for said land; that plaintiff relied upon said representations and gave to the defendants the sum of $3,480 as his one-half of the money to be invested in said joint enterprise; that thereupon defendants effected an exchange of said land and the sum of $3,380 for said stock of drugs; that said defendants did not pay the said sum of $3,480 for said land, but on the contrary paid therefor only $100; that said defendants knew that said representations were false with reference to the cost of said land and were made for the fraudulent purpose of inducing the plaintiff to pay $1,740 more than he was bound to pay, by means whereof he has been defrauded and wronged, etc.

To this declaration a demurrer was interposed which was sustained by the court. Vennum, the appellant, elected to stand by his declaration and appealed.

Two grounds for demurrer were assigned: one being general, that the declaration does not state a sufficient cause of action; the other being special, that the cause of action alleged constituted a partnership of which a court of law would have no jurisdiction.

We do not think there is any merit in either proposition.

Upon the allegations in the declaration, appellees were guilty of the rankest sort of fraud and deceit; in inducing appellant to pay to them upon the basis of $3,480 for the Kansas land when they bought the same for $100 and suppressed knowledge of that fact from him. That was a good cause of action in itself, and it is therefore wholly immaterial what the drug stock may in fact have been worth at the time of the purchase. Representations that an option has been obtained for land at a certain price, when, in fact, a rebate was to be made therefrom, upon which

representations others rely in entering into an agreement for the purchase of the land jointly with those making such representations, constitute actual fraud.   Bunn v. Schnellbacher, 163 Ill. 328.

"When one of two joint purchasers knowingly procures money from the other by wrongfully representing that the purchase price of the land is greater than was in fact required, the other is entitled to recover therefor, although upon inquiry he might have learned that such representations were false."   Davenport v. Buchanan, 61 N. W. 47; Hinton v. Ring, 111 Ill. App. 369.

The fraud of appellees as set up in the declaration was a ground of action separate and distinct from any accounting which could be had between the parties as partners.   A trial of that charge (*i. e.* fraud) does not involve an investigation or adjustment of the accounts between the persons having joint interest in the drug stock.

Even if the transaction alleged, in effect made the parties partners as claimed by appellee, that partnership would relate to the drug stock only, as that was the ultimate purchase.   A man might be defrauded in buying into a firm in which event the partner guilty of the fraud would be liable therefor without regard to the partnership relation, upon which an accounting could be afterwards had.   They are distinct and independent rights.   Such in effect is the holding in Tichnor v. Newman, 186 Ill. 264.   The demurrer should have been overruled.

The judgment is reversed and cause remanded with directions to overrule the demurrer.

*Reversed and remanded.*