## DOUGLASS v. RICHARDS et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

BILLS AND NOTES—DEFENSES—FRAUD.

> Plaintiff offered to sell property to N. for $4,000, and N. induced defendant to purchase it with him, stating the price to be $6,000. Each purchaser gave his check for $2,000 and note for $1,000, and pursuant to an understanding between plaintiff and N. his check was returned unused. *Held* that, though there had been no rescission, defendant could defend an action on his note on the ground that it was obtained by fraud.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 233.]

Appeal from Trial Term.

Action by William E. Douglass against Sarah A. Richards and another. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial granted.

This is an appeal from a judgment in favor of the plaintiff in a trial before the court, the jury having been discharged by the court; both parties having requested the direction of a verdict. The action was to recover

upon a promissory note of $1,000 and interest, given by the defendants to the plaintiff. The plaintiff and his partner owned the Ideal Manufacturing Company and desired to sell the same. As the defendant L. B. Richards understood, it was sold to one Newell and himself for $6,000. He paid $2,000 by check and gave the note in suit for the remaining $1,000, and Newell gave his check for $2,000 and his note for $1,000. Newell and Richards, it was understood between all the parties, were to purchase and carry on the business as copartners. Both Richards and Newell were present at the time of the consummation of the bargain and the delivery of the check and notes. Immediately after, at a private interview between the plaintiff and Newell, pursuant to a prior secret agreement with him, the plaintiff returned to Newell his check unused, so that said Richards in fact would pay $3,000 of the purchase price and said Newell $1,000. Newell testifies that before the sale the property was offered to him for $4,000; that he induced Richards to purchase it with him, and informed the plaintiff that the price should be put at $6,000, and the trade closed at that figure; and that he gave his check, and it was returned to him, pursuant to an understanding to that effect with the plaintiff. The plaintiff admits that he did put the price upon the property at $4,000 to Newell, but says he told him he might have all over $4,000 he could get, and that the sale was really for $6,000, with $2,000 allowed Newell for making the sale.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Fred D. Dutton (M. E. Driscoll, of counsel), for appellants.
J. T. Durham (Joseph De Senn, of counsel), for respondent.

JOHN M. KELLOGG, J. It is apparent that the property was offered for sale at $4,000, and that the sale was really made at that price, but by collusion between the plaintiff and Newell the price was fixed at $6,000 to the defendant Richards, and he was induced to give the note in suit by the false representations and suppression of the facts by Newell and the plaintiff. The $2,000 check which the defendant Richards gave did in fact pay for the half of the business which he purchased, and by the collusion between Newell and the plaintiff the note in suit was obtained by the plaintiff without consideration. Newell owed to the defendant, who was purchasing this property with him, the utmost good faith, as they were engaged as partners in a joint undertaking; and the plaintiff knew and was chargeable with knowledge of the facts, and by his active co-operation and suppression of the facts a fraud was perpetrated upon Richards. The finding of the trial judge that the sale was in fact for $6,000, and that the $2,000 was given to Newell as a commission for his services in making the sale, is not sustained by the evidence. Newell could not earn any commission in the sale of the property to himself, and the testimony of the plaintiff fairly shows that the actual selling price to Newell was $4,000, and that the alleged commission was a mere pretense and subterfuge. By the fraud practiced upon Richards by the plaintiff and Newell, he was induced to give the note in suit. It really was without consideration, because he had already paid one-half of the agreed purchase price, which was all that he undertook to pay.

The alleged fact that the property was worth $6,000 does not render the fraud nor the damage any less. 20 Cyc. 141. A party has a right to make a good bargain, and is entitled to the benefit of it. The selling price of this property was $4,000. If it was worth $6,-

000, the defendant had secured the benefit of $1,000 by a good bargain. He was deprived of that benefit by the fraud of the plaintiff and Newell. The case, therefore, presents the situation where the defendant has paid all that was due from him on account of the interest he bought in the property. The note, therefore, represents nothing but the fraud, and is without consideration, which is equivalent to saying, under the circumstances, that the damage which the defendant sustained by the fraud was the amount of the note. The defendant was not required to rescind the contract, as under the facts shown at the late date of the discovery of the fraud a rescission was very difficult. But he had the right to defend against the note upon the ground that it represented no value and was obtained from him by fraud, or that the damage he sustained by the fraud of the plaintiff was equal to the amount of the note. It is evident the defendant paid all that was due from him on account of the purchase. It is also evident that the plaintiff actually had only the benefit of $1,000 on account of the half sold Newell; but he loses the other $1,000 by his fraudulent participation in the attempt to defraud Richards, and therefore has only himself to blame for his present situation.

The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, J., in result.

SMITH, J. (concurring). I concur in the result. Richards agreed to pay $3,000 for an undivided half of the property. One of the material inducements to the purchase was the fraudulent representation by Newell that he was to pay $3,000 for the other undivided half. To this fraudulent representation the plaintiff was a party. By reason of such fraud defendant could, upon discovery thereof, rescind and return what he had received upon the contract, or he could elect to ratify the sale and counterclaim for damages suffered. While the property received has not been wholly returned, an offer to return the same was duly made and declined. This was sufficient to enable defendant to defend the note upon a rescission duly made.