### F. B. Vennum v. J. O. Palmer.

VERDICT—*when not disturbed as against the evidence.* A verdict based upon conflicting evidence will not be set aside on review, in the absence of errors of law, unless the same is clearly and palpably against the weight of the evidence.

Action for fraud and deceit. Appeal from the Circuit Court of Champlain county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

RAY & DOBBINS, for appellant.

F. M. & H. I. GREEN, for appellee.

Vennum v. Palmer.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant brought his action against appellee and W. H. Fisher, to recover damages for alleged fraud and deceit. Upon the trial the suit was dismissed as to Fisher, and there was a verdict in favor of appellee and judgment against appellant for costs. To the original declaration filed by appellant a demurrer was sustained, and appellant electing to abide his declaration there was a judgment against him in bar of his action and for costs, which judgment was, on appeal to this court, reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer. Vennum v. Palmer, 123 Ill. App. 619. After the cause was remanded appellant was given leave to file an additional count to his declaration, which additional count merely restates with greater particularity the allegations of the original declaration, and alleges in substance that defendants intending to defraud the plaintiff represented to him that they knew of a stock of drugs belonging to one O. W. Cassingham at Oakland, Illinois, that could be purchased at invoice price and that the owner would take as part of the purchase money a tract of land located in Kansas, consisting of 338 acres, and that defendants could procure said land at a price less than the price at which Cassingham would accept the same, so that by means of the purchase of the Kansas land and the trading of the same to Cassingham a profit could be made on the transaction; that defendants further represented that they did not have enough money to buy the land and pay the balance and that if plaintiff would join with them that a profit of, to wit, $5 per acre could be made in the purchase of said land and exchange for said stock of drugs, and if plaintiff would furnish one-half of the money they would divide equally with him the profits derived therefrom; that relying thereon plaintiff accepted said offer; that thereafter without plaintiff's knowledge defendants purchased said lands

for the sum of $338, and caused the same to be con-
veyed to Cassingham and did fraudulently conceal
from plaintiff the fact that they had purchased the
said land at the price of $338; that thereupon de-
fendants did exchange said lands to said Cassingham
and said Cassingham accepted same as $3,000 of the
purchase price of said stock of drugs, at the invoice
price of $6,434.57, leaving a cash balance to be paid
of $3,434.57; that by means thereof plaintiff became
liable to pay $169 as one-half of the purchase price of
the Kansas land and the sum of $1,717.28 as one-half
of the balance of the purchase price so agreed to be
paid to said Cassingham, yet the defendants well
knowing the premises, and meaning and intending to
cheat and defraud the plaintiff did falsely represent
to him that the total amount in cash paid by the de-
fendants for said Kansas land and the balance of the
purchase money to be paid for the stock of drugs was
$4,926.06 and that plaintiff should pay as his half of
said investment the sum of $2,463.03; that the plaint-
iff relying upon such false representations of the de-
fendants paid to said Cassingham $2,463.03; that said
defendants paid to said Cassingham the sum of
$971.54; that by the terms of said agreement the
plaintiff should have paid to said Cassingham the sum
of $1,886.28, and the defendants should have paid to
said Cassingham the sum of $1,548.18. The declara-
tion concludes with appropriate and specific allega-
tions of fraud and damage.

It is insisted by appellant that the decision of this
court upon the former appeal is conclusive of his right
to recover. Upon the former appeal we were only
called upon to determine whether or not appellant's
declaration stated a good cause of action. We then
held that it did, and we are still of the same opinion,
but the present difficulty arises from the fact that a
jury impaneled to determine the truth of the allega-
tions of his declaration have found against appellant.

The testimony of appellant and of appellee is in

direct conflict. Appellant testifies that appellee came to his place of business and stated to him that there was a fine drug stock at Oakland that he (appellee) would like to own, and that he believed there would be money in it; that he had a relative in Kansas who had some land which they (appellant and appellee) could buy at a low price and trade it in on the drug stock and make a profit; that he did not have the money to carry the deal through, but if appellant would furnish the money they could go in as partners and divide the profits; that he could buy the Kansas land at $5 an acre and trade it in on the stock at $10 an acre. Appellant further testified that the stock invoiced at $6,434.57; that the Kansas land was turned in at $3,000; that he paid to Cassingham, the owner of the drug stock, the difference, or $3,434.57, and that appellee and Fisher gave him their note for $971.54, which they subsequently paid, leaving $2,463.03 as the net amount advanced by appellant; that he was informed by appellee that the profit on the Kansas land was $1,508.

It is admitted that the Kansas land consisted of 338 acres, and that it was purchased by appellee and Fisher for $1 per acre.

Appellant seeks to recover one-half of the difference between the price in fact paid for the Kansas land and its price at $5 an acre which he claims appellee represented to him as being its actual cost.

Appellee denies that he ever told appellant that the Kansas land would cost $5 per acre, or that he agreed to divide the profits on the transaction with reference to the cost price of the Kansas land. He testifies that he told appellant that he and Fisher owned land in Kansas which they valued at $5 an acre, and which could be traded in for the drug stock at $10; that if appellant would furnish the money necessary to make the trade he would allow appellant for his profit in the transaction one-half of the difference between the value of the Kansas land at $5 per

.acre and its value at $10 an acre, the price at which it was to be traded, which would be approximately $1,600, and that appellant accepted the proposal as made.

The evidence tends to show that the Kansas land was wholly paid for by appellee and Fisher, and that no part of the money advanced by appellant was applied in its purchase.

Appellant's right of recovery under his declaration is dependent upon his having had an interest in the purchase of the Kansas land. If appellant had been induced to participate in the transaction upon the faith of a representation that the Kansas land could be purchased for $5 an acre, or that appellee and Fisher had an option on the land at that price, and that a profit could be made by turning it in upon a trade for the drug stock at $10 an acre, and it developed that appellee and Fisher had purchased the land, or had an option for its purchase at $1 per acre, there can be no doubt but that he would be entitled to participate in the entire profits of the transaction.

If, however, appellee being the owner of, or having an option to purchase the Kansas land, merely represented to appellant that he owned land which he valued at $5 per acre; that it could be turned in upon a trade for the drug stock at a valuation of $10 an acre, and that in consideration of appellant furnishing the money necessary to consummate the trade for the drug stock, he would divide with him the difference between the value of the land at $5 an acre and its valuation in the trade at $10 an acre, and appellant accepted such proposition, appellant cannot complain because the Kansas land cost appellee less than $5 an acre.

The issue involved was purely one of fact and we cannot say that the verdict of the jury is not justified by the evidence.

Some of the instructions given at the instance of appellee are not altogether free from criticism, but, taking all of the given instructions as a series, we think

they advised the jury as to the law applicable to the issues as made by the pleadings, with substantial accuracy.

The instructions tendered by appellant and refused by the court were sufficiently covered by other instructions given at the request of appellant.

The record being free from substantial error prejudicial to appellant, the judgment of the Circuit Court is affirmed.

*Affirmed.*