Jones v. Kinney, 146 Wis. 130.

---

JONES, Appellant, vs. KINNEY and another, Respondents.

*March 14—May 2, 1911.*

*Deceit: Joint purchasers: Secret rebate received by one: Damages.*

1. Where several persons by common agreement join as buyers of property, each to acquire a fractional undivided interest therein proportionate to the amount paid in by him, they owe to one another in such enterprise the duty of good faith and full and

fair disclosure; and for one by private treaty with the seller
to obtain a commission or rebate is a fraud upon his fellow
buyers.

2. Where one of the buyers, upon learning that another is obtaining
a commission or rebate, exacts and accepts a share thereof as
the price of his silence, he thereby becomes a party to the fraud.

3. A purchaser so receiving a secret rebate cannot escape liability
to his fellow buyers on the ground that his representation that
he would pay his share of the price was promissory only and
his representation that he had paid his share was made after
the others had parted with their money.

4. Where one of the joint buyers was not induced to become such by
the fraud, but was induced thereby to pay more than his proper
share of the real purchase price, the measure of his damages
is the excess so paid.

APPEAL from a judgment of the circuit court for Mar-
quette county: E. C. HIGBEE, Judge. *Reversed.*

For the appellant there was a brief by *Mahoney, Ryan &
Kelm,* and oral argument by *E. H. Ryan.*

For the respondent *Kinney* there was a brief by *Owen &
Hanna;* for the respondent *McNamara* a brief by *Byron B.
Park;* and the cause was argued orally by *Mr. Park.*

TIMLIN, J. This is an action brought to recover damages
for fraud in the sale of a lease of oil-bearing lands in Okla-
homa. Misrepresentations alleged related to the number and
capacity of oil wells on the premises, market price for oil,
productivity, and value in general, and it is also claimed that
the defendants, under pretense of going into the adventure on
a *pro rata* basis with plaintiff and others, received a secret
rebate of $1,000 each. Error is assigned because the court
directed a verdict for defendants and on account of rulings on
evidence.

We may drop out of consideration the alleged misrepre-
sentations as to productivity and value because such repre-
sentations were largely matters of opinion, and plaintiff ex-
amined the property for himself and evidently did not rely

on these representations. But there was testimony clearly tending to show that it was understood between the plaintiff, defendants, and others that they were all going in together to purchase a certain leasehold on a ratable basis, that is each would receive in the property purchased, to be later represented by shares of corporate stock, a fractional interest in proportion to the amount of his contribution to the purchase money. The whole cost was finally fixed at $12,000, and of this $8,000 was to be paid upon transfer, remainder on deferred payment. The plaintiff, relying upon this, paid in his share of the $8,000, which was represented to be $500. The two defendants put in nothing, although it was agreed and understood they were to pay in $1,000 each and to be jointly interested in that proportion in the property. The defendant *Kinney* claimed there was due him from the seller a commission or rebate of $2,000, and this sum was divided between the defendants, the seller returning to *McNamara* his check for $1,000 which the latter had already delivered. The amount of the first payment was in truth only $6,000 instead of $8,000, and neither of the defendants had in fact invested any money or paid anything for his one-eighth interest. There is evidence tending to show that all this was done without the knowledge of the plaintiff, and that the plaintiff paid in his money in ignorance of this secret commission or rebate to the defendants.

Where several persons by common agreement join as buyers of property, each to acquire a fractional undivided interest therein proportionate to the amount paid in by him, they owe to one another in such enterprise the duty of good faith and full and fair disclosure, and neither one can by secret commission or rebate obtain any advantage over his co-adventurers. The consent of each is usually given and the money of each obtained upon the understanding and belief that the funds, interest, and aid of each is and will be given to the enterprise within the bounds agreed upon. For one by secret

treaty with the seller to obtain a commission or rebate is a fraud upon his fellow buyers. *Grant v. Hardy,* 33 Wis. 668; *Franey v. Warner,* 96 Wis. 222, 71 N. W. 81; *Morgan v. Hodge,* 145 Wis. 143, 129 N. W. 1083. There is evidence tending to show that *McNamara* had actually paid in his $1,000 at the time plaintiff paid in his $500, but almost immediately claimed to have become convinced that *Kinney* was not paying anything and demanded that the latter divide with him, whereupon the seller, in order to have the sale go through, returned *McNamara* his check. Plaintiff was not present, and if *McNamara* accepted this as the price of his silence and in consideration forbore to communicate the fact so discovered to his fellow purchasers, including the plaintiff, he merely made himself a party to the fraud of *Kinney* and aided and abetted the latter in carrying on the deception with the usual consequence of such conduct.

But the evidence in the instant case, while tending to show that plaintiff was by this deceit induced to pay more than his proper share of the real purchase price, still falls short of showing or tending to show that plaintiff was induced by this deceit to enlist in the enterprise in the first place. Other inducements prompted him to become one of the joint purchasers and to agree to pay not a fixed sum but his *pro rata* share of the purchase price, whatever within a certain maximum that price might be. The real actionable deceit here did not occur until long after plaintiff had agreed to become a party to the purchase, and when it occurred it injured the plaintiff by requiring him to pay at the rate of $8,000 instead of $6,000 for the first payment on the property. He should have paid $375; he was induced by this deceit to pay $500, and the measure of his damages is the sum lost, namely, $125. This the evidence tends to show, and the questions involving plaintiff's right to recover this should have been submitted to the jury. The only obstacle to plaintiff's recovery of this sum which we find in the testimony is some evidence on the part

of *Kinney* and perhaps another that the plaintiff knew of this commission before he paid in his money. This is denied by the plaintiff and will require a finding by the jury.

We find no support in law for the ruling of the court below that one of several joint purchasers may secretly withhold his share of payment, yet acquire an interest in the purchased property and commit no fraud by so doing, because his representation that he will pay it is promissory and his representation that he has paid it is made after plaintiff has parted with his money. The deceit in such case consists of the misrepresentation that the property is costing the buyers a given sum when in fact it is not, and that the amount plaintiff is required to pay to put him on a footing of equality or proportion with the other shareholders is by this covin fraudulently increased.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a new trial.