ROBERT A. LOWE ET AL. *vs.* PHILIP E. HENDRICK.

* Second Judicial District, Norwich, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Two courses are open to a plaintiff who has been induced by fraudu-
lent representations to make an overpayment: he may rescind the
contract and recover the payments made thereunder, or he may
accept the contract and recover the damages occasioned by the
fraud.

The plaintiff and defendant agreed to buy the equity in certain real
estate, each to pay one half of the purchase price, and the defendant
to take title in his own name. Induced by defendant's fraudulent
misstatement as to the price, the plaintiff paid to him $3,250, which
was in fact $2,000 more than his share. In an action for damages it
was *held:*—

1. That upon the defendant's purchase a trust presumptively arose
   in favor of the plaintiff, who thereby secured a one-half interest in
   the equity.
2. That the trial court erred in rendering a judgment for the plaintiff
   to recover the full amount paid by him, since there had been no
   rescission of the contract nor any offer to return the benefit received
   by the plaintiff under it; nor was the action susceptible of being
   regarded as one for a recovery of money misappropriated or con-
   verted by the defendant.
3. That the measure of damage was the difference between what the
   plaintiff was induced to and did in fact pay, and what he should
   have paid.
4. That it was immaterial that the property was in fact worth more
   than the price asked for it, or that it was worth as much as, or more
   than, the price represented by the defendant, since the plaintiff
   was entitled to the benefit of his bargain, and could not be deprived
   of that by the fraud of his copurchaser.

Where material corrections, which may affect the ultimate conclusion,
are made by this court in the finding, a judgment will not ordinarily
be directed, but a new trial will be ordered.

Argued October 16th, 1912—decided February 15th, 1913.

ACTION to recover damages for fraud in inducing the
plaintiffs to enter into a contract for the purchase of

real estate, brought to and tried by the Superior Court in New Haven County, *Burpee, J.;* facts found and judgment rendered for the plaintiffs for $4,021, and appeal by the defendant. *Error and cause remanded.*

*Charles F. Thayer* and *Charles V. James,* for the appellant (defendant).

*Donald G. Perkins,* for the appellees (plaintiffs).

WHEELER, J. The finding, as modified by the paragraphs of the draft-finding marked proven, states that the defendant fraudulently induced the plaintiffs to enter into a joint contract for the purchase of real estate for the purpose of selling again within a short time at a profit, by falsely representing that the price of the real estate was $18,000; that $8,000 of this purchase price must be paid in cash, one half to be paid by the defendant and the other half by the plaintiffs; and, as further inducement for said joint contract, the defendant represented that the balance of the purchase price could remain on mortgage, one for $7,000, already on the property, and one for $3,000, which he would give, and that the defendant would take title in his own name, care for the property, and pay all carrying charges.

The plaintiffs accepted the contract, and paid on January 20th, 1908, $2,500, and on April 14th, 1908, $750; the balance of said $4,000 which they were to pay was never paid.

The defendant purchased the property for $12,500, which was its value at the date of purchase, and paid down $2,500 in cash, and has appropriated to his own use said $750, and has not paid his one-half share of said $8,000.

As part of the contract the defendant gave the

plaintiff Lowe, without any money consideration therefor, a mortgage for $8,000 on said real estate "solely to protect the plaintiffs against a sale of said property by the defendant at a price not satisfactory to them," and, so far as the finding states, the plaintiff Lowe still holds this mortgage, unreleased.

The defendant seeks to have the finding corrected, and for that purpose the entire evidence and rulings have been certified. The principal corrections asked for are (1) the striking from the finding of that part of paragraph eleven which recites that "they [the plaintiffs] have never received from any one any consideration or valuable thing therefor; and they have had no consideration or valuable thing whatever by reason of their arrangement and agreement with the defendant, and the payment of said money to him"; and (2) an addition to the finding, that pursuant to said agreement the title was taken in the name of the defendant January 21st, 1908; that he gave said mortgage of $3,000 on said date; and that he assumed and has paid all of the carrying charges upon said property except a part of the mortgage interest.

These facts were in evidence and uncontested. They are material, since they show that the defendant, pursuant to the agreement, took title to this real estate for the joint benefit of himself and the plaintiffs, which was worth $12,500, or $2,500 in excess of the mortgages at the date of purchase and the inception of the fraud.

The fact that the title was taken in the name of the defendant did not deprive the plaintiffs of their one-half interest in the property. Upon the purchase by the defendant, presumptively a trust arose in favor of the plaintiffs. *Ward* v. *Ward*, 59 Conn. 188, 195, 22 Atl. 149; *Corr's Appeal*, 62 Conn. 403, 408, 26 Atl. 478. The plaintiffs, therefore, secured by their contract a half interest in an equity worth $2,500; and the

finding, that the plaintiffs received no consideration by reason of the agreement, is contrary to the conclusion necessarily arising from the established facts. In these several particulars the finding should be corrected, and as the judgment to be rendered must depend upon their consideration, we do not feel at liberty, under the circumstances of this case, to direct a judgment. *Nichols* v. *Manchester*, 82 Conn. 619, 621, 622, 74 Atl. 935.

The finding that the value of the property at the date of purchase was $12,500 rather than $18,000, as the defendant claimed, was made upon a conflict of evidence. The defendant's witnesses placed the value of the property at $18,000, and no other witness testified directly as to its value; but the court had before it the size, character, and location of the premises, the price of purchase and the renewal at the same price, and we cannot hold that its conclusion could not have been reasonably reached from these considerations, rather than from the opinion of witnesses.

Upon learning of the fraud perpetrated upon them, two methods were open to the plaintiffs: to rescind the contract and recover the payments made thereunder, or to accept the contract and recover the damages occasioned by the fraud. So far as the finding discloses, the plaintiffs neither rescinded, nor attempted to rescind. On the contrary, they retained its benefits, and the plaintiff Lowe, so far as appears in the finding, has never released the $8,000 mortgage given him for the joint protection of himself and the other plaintiff.

The trial court gave judgment for the sums paid the defendant by the plaintiffs, with interest from the date of payments;. thus, either treating the contract as rescinded by the plaintiffs, as they now claim in their brief, or else treating the case as one of conversion, as the defendant claims was done. Some justification of

the defendant's contention is found in the manner in which the judgment was reached, as set forth in the memorandum of decision, and in a ruling made during the trial, in which the court said in part: "I appreciate from the complaint that the plaintiff is suing the defendant for misappropriating money which he obtained under false pretences. . . . The question is, what did he do with the money he got from the plaintiffs? If he didn't use it to buy this property, he appropriated it to himself, and has got it now, as they claim."

Whatever be the measure of damages adopted by the court, it did not adopt the only one applicable to an action of fraud of this character. In this case the plaintiffs were led into the contract by fraudulent representations as to the price, and the cash payments required. Upon the facts as found, the purchase price was $12,500 instead of $18,000, as represented, and the plaintiffs were fraudulently induced to agree to pay in $4,000, and did pay in $3,250 of this, when their share of the true price under the contract was $1,250. The measure of damages in such case, where one joint purchaser is by fraud induced to pay the represented price for property which he subsequently ascertains is more than that in fact paid, is the difference between what he in fact paid and what he should have paid of the true price. It is immaterial in the assessment of damages that the property was in fact worth more than the true price, or as much, or more, than the represented price. The joint purchaser is entitled to the profit of his bargain, and cannot be deprived of that by the fraud of his cojoint purchaser. *Johnson* v. *Gavitt*, 114 Iowa, 183, 184, 185, 86 N. W. 256; *Bergeron* v. *Miles*, 88 Wis. 397, 60 N. W. 783; *Jones* v. *Kinney*, 146 Wis. 130, 131 N. W. 339; *Rutledge* v. *Tarr*, 95 Mo. App. 265, 268, 69 S. W. 22; *Kilgore* v. *Bruce*, 166 Mass. 136, 44 N. E. 108; *Mayo* v. *Wahlgreen*, 9 Colo.

App. 506, 517, 50 Pac. 40; *Douglass* v. *Richards,* 116
N. Y. App. Div. 27, 29, 101 N. Y. Supp. 299; Sedgwick
on Damages (9th Ed.) § 439 i; 20 Cyc. 141.

There is error, the judgment of the Superior Court is
reversed, and the cause remanded to be proceeded with
according to law.

In this opinion the other judges concurred, except
HALL, C. J., who concurred in the result, but died before
the opinion was written.