(166 App. Div. 365)

### ARONOWITZ v. WOOLLARD.   (No. 36/66.)

(Supreme Court, Appellate Division, Third Department.   March 3, 1915.)

BROKERS ⊗═102 — COMMISSION — FALSE REPRESENTATIONS TO PURCHASER — CHECKS.

Where a broker, selling property, agreed with the owner that his compensation should be all above $12,000, the broker's false statement to the buyer, accepting the property at that price, that the owner would not sell for less than $12,500, and that his commission was 2 per cent., would not defeat the broker's right of action on defendant's check for $500, turned over to him by the owner as agreed, there being no question of the value of the property.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 146; Dec. Dig. ⊗═102.]

Appeal from Albany County Court.

Action by Max Aronowitz against William E. Woollard.   From a judgment for defendant, plaintiff appeals.   Reversed, and judgment directed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Countryman, Nellis, Du Bois & McDermott, of Albany (Andrew J. Nellis, of Albany, of counsel), for appellant.

William E. Woollard, of Albany (Michael D. Reilly, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, J.   The plaintiff, as agent, for one Champagne, sold to the defendant certain real estate for $12,500, receiving therefor the checks of the defendant drawn to Champagne, one of which, for $500, was thereupon indorsed and turned over to the plaintiff.   Defendant stopped payment of this latter check, and this action was brought to recover thereon.

The trial court has adopted the defendant's version of the facts as follows:   The plaintiff, a real estate agent, asked him to buy the real estate.   He asked what was the lowest price, and received the reply that the owner would not take less than $12,500.   Defendant asked plaintiff if he was a middleman, or what he was.   The plaintiff replied that there was no middleman business about it; he simply got his 2 per cent. commission.   The defendant examined the property, and then asked the plaintiff to see the owner and ascertain the lowest price he would take.   Later the plaintiff returned, saying he had seen the owner, and the owner would not take less than $12,500.   The plaintiff had an agreement with the owner by which he was to receive for his services in selling the property any sum he might be able to get over $12,000.   The owner received the $12,000, and the plaintiff the check in question.   It is not claimed that by reason of any false representation the defendant paid an excessive value for the property, nor has he sought in any way to be relieved of his bargain.   He has successfully defended against the check upon the ground that the statement that the owner would not take less than $12,500 was false.   The

defendant agreed to pay $12,500 for the property, but is escaping by a payment of $12,000. He expected the plaintiff was to have $250 from the purchase price, but the judgment awards him nothing. Defendant knew that the plaintiff was the agent for the owner, and was dealing with him as such. At no time did the plaintiff become agent for the defendant.

The defendant had no legal interest in how much the plaintiff was to receive for his services; that was a question between him and the owner. Plaintiff's plan contemplated $12,000 for the owner and $500 for himself, making the lowest price at which he, as the owner's representative, was willing to sell the property. It is immaterial to the defendant whether the plaintiff or the owner has the $500. Knowing that the owner must have $12,000, the plaintiff required that the defendant pay $12,500, thus arranging the compensation at $500. While an agent should not be guilty of falsehood, he has a certain right to commend his property. If plaintiff had turned over to the owner the entire proceeds of the sale less the regular commission, no actionable fraud would have been committed upon the defendant. The vendor frequently says he will not take any less than a price named, although he is willing and perhaps expects ultimately to take less. The agent may, in the same way, seek to secure the best price, and he owes the duty to his client ordinarily to obtain the best price available. He would not serve his client faithfully by saying that the client asked $12,500, but would be willing to take $12,000.

The defendant urges that under Douglass v. Richards, 116 App. Div. 27, 101 N. Y. Supp. 299, plaintiff cannot recover. We do not so understand that case. There a partner bought property for a firm for $4,000, each partner contributing $2,000. On the plaintiff's false statement that the purchase price was $6,000, the defendant gave him a note for $1,000, and it was held that recovery could not be had upon this note. Here the plaintiff was not the defendant's agent, and was under no obligation to sell the property to him, except upon his own terms, and under the agreement between him and the owner had a right to obtain the best price he could. A misstatement of fact, so long as it actually did not affect the value of the property, is not actionable. For all that appears the property may be worth much more than the price agreed to be paid. The judgment should therefore be reversed upon the law and the facts, and judgment directed for the plaintiff for the amount of the check, with interest, and costs in both courts.

The court disapproves of the finding of fact that the plaintiff was the defendant's agent and that the check was obtained by false representations and was without consideration. All concur.