## HEY v. DUNCAN.

(Circuit Court of Appeals, Seventh Circuit. June 7, 1926.)

No. 3696.

**1. Joint adventures ⌐5(2).**

Pleading in action for deceit, alleging agreement to buy registered hog to be owned jointly by plaintiff and defendant, purchase price of which was misrepresented by defendant, *held* to set up joint adventure.

**2. Joint adventures ⌐1.**

"Joint adventure" may exist where persons embark in undertaking, not as partners, but in common enterprise for mutual benefit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Joint Adventure.]

**3. Joint adventures ⌐4(1).**

Relation of joint adventures is fiduciary in character and requires good faith between them.

**4. Fraud ⌐31.**

Defrauded member of joint adventure may rescind agreement and recover money contributed, or may sue in equity for accounting, or may sue for damages for deceit.

**5. Fraud ⌐64(1).**

Count for deceit, alleging misrepresentation by defendant of purchase price of registered hog to be owned jointly, *held* to state cause of action, supported by evidence presenting question for jury.

**6. Trial ⌐139(1).**

Weight and preponderance of evidence is for jury.

In Error to the District Court of the United States for the Western Division of the Northern District of Illinois.

Action for deceit by Henry Hey against W. B. Duncan. Judgment of not guilty, and plaintiff brings error. Reversed, and remanded for a new trial.

Douglas Pattison, of Freeport, Ill., for plaintiff in error.

J. C. Seyster, of Oregon, Ill., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action for deceit. The declaration as originally filed contained five counts. An amended declaration in three counts was subsequently filed, and later, on the day of the trial, by leave of court, plaintiff in error filed an "amended amended first count." The defendant in error pleaded the general issue. At the close of all the evidence, the defendant in error requested the court to instruct the jury to find him not guilty. The court so instructed, and plaintiff in error excepted and assigns the court's action as error.

[1] It will only be necessary to give attention to the "amended amended first count." If it states a cause of action, and there was evidence before the jury which would sustain a verdict under it, the court's ruling was error. This count is as follows:

"For that, whereas, on, to wit, the 24th day of November, 1919, at, to wit, the county of Lee in the state aforesaid, the plaintiff was engaged in the business of breeding Poland China hogs, and was then and there possessed of a large number of Poland China bred sows; that on, to wit, the date aforesaid, at, to wit, the county last aforesaid, the plaintiff and defendant entered into an agreement to buy a certain boar, of which the plaintiff was to own two-thirds and the defendant one-third, and that the defendant was to buy the said boar out of an amount of 25 per cent. of the gross receipts from the sale of about 90 head of sows owned by the plaintiff and to be sold by him at two public sales to be held by the plaintiff in February and March, 1920.

"Plaintiff further avers that thereupon at the time and place aforesaid, the defendant falsely told the plaintiff that the said certain boar was then owned by a man named Donald, who was a big man in the pig business, and that Donald had bought him three weeks before that time, and that Donald had paid $4,000 for the said boar, and that Donald wanted $4,000 for the boar, and that Donald would not sell him for less than $4,000, and that Donald was too big a man in the hog business to be jewed down, but that the defendant would endeavor to buy the boar as cheap as possible, and the defendant also falsely told the plaintiff that the said boar was worth $4,000, all of the said statements made by the defendant to the plaintiff being false and untrue and the defendant knew them to be untrue at the time he made them.

"And the plaintiff further avers that the defendant knew at the time that the boar in question was owned by Boyd Morgan and Charles Marker, who each owned half of the said boar, and who had purchased him at public sale on November 14, 1919, for $900, which fact the said defendant did not disclose to the said plaintiff.

"And the plaintiff further avers that the said defendant almost immediately thereafter, without the knowledge of the plaintiff, purchased a one-quarter interest in the said boar for $225, and the defendant had knowledge that the said Marker had that night sold to one Garrett, a quarter interest in said boar for $225, none of which facts he disclosed to the plaintiff, and that the defendant thereafter made some arrangements with Marker, Garrett, and Morgan for their three-quarter interest in the said boar and turned the possession of the said boar over to the said plaintiff so that the plaintiff owned two-thirds of the said boar and the said defendant one-third. And that the defendant did not then nor at any time thereafter disclose to the plaintiff the facts as above set forth in regard to the purchase of the said boar. And that afterwards in February or March, 1920, the defendant told the said plaintiff that he had paid Donald $4,000 for the said boar, which was untrue, and the said defendant knew it was untrue at the time he made the statement to the plaintiff.

"And the plaintiff avers that thereafter, on, to wit, the 6th day of February, 1920, and also on, to wit, the 6th day of March, 1920, the plaintiff, relying upon said representations, did offer for sale and did sell said sows and at the times last aforesaid did pay to the defendant 25 per cent. of the gross receipts from the sale of said bred sows, to wit, the sum of $5,000, and did then receive from the defendant the said boar to be owned as aforesaid, and the plaintiff alleges that the said boar was then and there worth, to wit, not to exceed the sum of $900.

"And so the defendant did deceive and defraud the plaintiff."

[2] This pleading sets up a joint adventure of the plaintiff and defendant in error.

"A 'joint adventure' may exist where persons embark in an undertaking without entering on the prosecution of the business as partners strictly, but engage in a common enterprise for their mutual benefit; they each have the right to demand and expect from their associates good faith in all that relates to their common interests." Jackson v. Hooper, 76 N. J. Eq. 185, 74 A. 130, cited in Reid v. Shaffer, 249 F. 553, on page 561, 161 C. C. A. 479.

[3] The relation of joint adventures is fidu-

ciary in character and requires good faith between them. 15 Ruling Case Law, 501. That which is insufficient to make actionable fraud between persons dealing at arm's length is abundantly sufficient between persons standing in a fiduciary relation. Hauk v. Brownell, 120 Ill. 161, 11 N. E. 416; Jones v. Kinney, 146 Wis. 130, 131 N. W. 339, Ann. Cas. 1912C, 200.

[4] A defrauded member may rescind the agreement and recover as damages the money contributed by him, or he may sue in equity for an accounting, but he is not bound to do either; he may sue for damages for the deceit. 33 Corpus Juris, 857, § 53, and cases cited; Hinton v. Ring, 111 Ill. App. 369; Vennum v. Palmer, 123 Ill. App. 619; King v. White, 119 Ala. 429, 24 So. 710.

[5, 6] We think the count under consideration stated a good cause of action for deceit, and the record shows that there was evidence before the jury which, if believed by them, was sufficient to establish all the material averments of it. The weight of the evidence and the preponderance of it were for the jury to decide. There was plainly a jury question presented, and it was error for the court to direct a verdict.

Judgment is reversed, and cause is remanded for a new trial.