[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On June 23, 1992, the plaintiff, Stephen Engman, filed a single count complaint against the defendants, Gregory Neary and Richard Laschever, alleging deceit and fraud in connection with the purchase of real property located at 70 South Main Street, East Windsor, Connecticut. The plaintiff alleges that he was intentionally deceived and defrauded by defendant Neary. The plaintiff also alleges that the defendants conspired to intentionally deceive and defraud him when they knowingly sold the real property to the plaintiff for more than its true market price of $275,000. In his prayer for relief, the plaintiff seeks rescission of the contract.
On February 2, 1993, defendant Neary filed a motion for CT Page 700 summary judgment accompanied by a memorandum of law and an affidavit in support thereof, on the ground that the plaintiff's cause of action was barred by the three year statute of limitations pursuant to General Statutes 52-577. On March 15, 1993, the plaintiff filed a memorandum of law in opposition to defendant Neary's motion for summary judgment, accompanied by an affidavit in support thereof. On June 28, 1993, the court, Hennessey, J., denied this motion without prejudice holding that the statute of limitations defense must be specially pleaded prior to filing a motion for summary judgment. Engman v. Laschever, 9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.).
On July 8, 1993, defendant Neary filed an answer in which he asserted as a special defense that the plaintiff's claim is barred by the statute of limitations set forth in General Statutes 52-577. The plaintiff has not filed a reply to defendant Neary's statute of limitations defense or pleaded in avoidance thereof.
On July 9, 1993, defendant Neary filed a motion for summary judgment, accompanied by an affidavit and a memorandum of law in support thereof. Since the ground for defendant Neary's subsequent motion for summary judgment is identical to the ground asserted in his initial motion for summary judgment, the court will treat the plaintiff's opposition to defendant Neary's initial motion for summary judgment as his opposition to the motion presently before the court.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Id., citing Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970).
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established." (Citations omitted.) Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 246, 618 A.2d 506 (1992). "Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show CT Page 701 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v. Meehan, 225 Conn. 528,534-35, 626 A.2d 244 (1993).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises, Inc. v. Hirschfeld, supra, 247.
"Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside Green Condominium Association, Inc. v. Woodside Green, Inc.,9 Conn. L. Rptr. 637 (October 4, 1993, Lewis, J.), citing Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 259-60,532 A.2d 1302 (1987); see Arsenault v. Pa-Ted Spring Co.,203 Conn. 156, 158, 523 A.2d 1283 (1987); Burns v. Hartford Hospital, 192 Conn. 451, 454, 472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Citation omitted.) Shuster, v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985). Where the parties dispute the applicable statute of limitations, as they do in the present case, the court must determine the applicable statute of limitations and the moment this period begins to run against the claim. Electroformers, Inc. v. Emhart Corporation, 8 Conn. L. Rptr. 307 (January 29, 1993, Fuller, J.).
Defendant Neary contends that the plaintiff's claim is barred because "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes 52-577. Defendant Neary contends that the tort statute of limitations governs this cause of action and that summary judgment should be entered in his favor because the present case was not commenced within three years of the alleged course of conduct. CT Page 702
In opposition, the plaintiff contends that his claim is grounded in contract because he seeks a rescission of the contract and restitution for his consideration paid thereon. The plaintiff argues that his action was timely filed pursuant to the contract statute of limitations because the present case was filed "within six years after [his] right of action accrue[d]. . . ." General Statutes 52-576.
The plaintiff cites numerous cases purportedly supporting his option to either rescind his contract or accept it and recover damages for the alleged fraudulent actions. See Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401,456 A.2d 325 (1983); A. Sangivanni Sons v. F. M. Floryan 
Co., 158 Conn. 467, 262 A.2d 159 (1969); State v. Hartford Accident Indemnity Co., 136 Conn. 157, 70 A.2d 109 (1949); Caramini v. Tegulias, 121 Conn. 548, 186 A. 482 (1936); Lowe v. Hendrick, 86 Conn. 481, 85 A. 795 (1913); Wilson v. Nichols, 72 Conn. 173, 43 A. 1052 (1899); Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298, 478 A.2d 257 (1984). However, the alleged availability of an option to rescind a contract as a remedy does not necessarily transform an underlying claim into an action sounding in contract.
"`[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations.'" (Citation omitted.) D'Agostino v. D'Addio, 6 Conn. App. 187, 188, 504 A.2d 528 (1986), cert. denied, 199 Conn. 805, 508 A.2d 32 (1986). The Connecticut Supreme Court has held that the "three-year limitation of52-577 is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of 52-577
and enumerated in 52-584 or another section." (Citations omitted; internal quotation marks omitted.) Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 441, 551 A.2d 1220
(1988). "Claims based upon fraudulent misrepresentation are governed by the three year statute of limitations of General Statutes 52-577." Day v. General Electric Credit Corporation, 15 Conn. App. 677, 683, 546 A.2d 315 (1988), cert. denied, 209 Conn. 819, 819-20, 551 A.2d 755 (1988), citing Wedig v. Brinster, 1 Conn. App. 123, 135-37,469 A.2d 783 (1983), cert. denied, 192 Conn. 803, 472 A.2d 1284 (1984). Moreover, allegations of intentional tort are governed by the statute of limitations pursuant to General Statutes 52-577. Lambert v. Stovell, 205 Conn. 1, 5, 529 A.2d 710 (1987). An allegation of conspiracy to cheat and defraud sounds in tort CT Page 703 and is governed by the three year statute of limitations period. Rosenblatt v. Berman, 143 Conn. 31, 39, 119 A.2d 118
(1955).
The nature of the right sued upon, intentional deceit and fraud, sounds in tort and is governed by the three year statute of limitations period pursuant to General Statutes52-577. The plaintiff's allegations of fraud and fraudulent conspiracy against defendant Neary is governed by General Statutes 52-577.
Because the three year limitation period pursuant to General Statutes 52-577 applies to the present case, the remaining issue is when the present cause of action accrued. The limitation period of General Statutes 52-577 commences when "the cause of action has accrued or the injury has occurred." (Citation omitted.) Fichera v. Mine Hill Corporation, 207 Conn. 204, 212, 541 A.2d 472 (1988). The plaintiff alleges deceit and fraud on the part of defendant Neary in connection with the plaintiff's purchase of real property by deed dated January 26, 1988. The plaintiff commenced this action by service of process on defendant Neary on May 21, 1992.
Citing the plaintiff's deposition testimony, defendant Neary argues that the plaintiff knew all of the material facts in connection with the present action since January of 1988. Yet, "[a] response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered, 4 Conn. App. 641,645, 496 A.2d 222 (1985), citing General Statutes 52-200. Therefore, the court cannot rely upon the plaintiff's deposition testimony as supporting evidence for defendant Neary's motion for summary judgment.
Nevertheless, the plaintiff has neither claimed nor presented any evidence indicating that the statute of limitations was tolled. The plaintiff merely argues that the three year tort statute of limitations is inapplicable. The plaintiff has therefore failed to establish a factual predicate indicating the existence of a genuine issue of material fact.
Because the plaintiff failed to commence the present case within the three year limitation period, defendant Neary is entitled to judgment as a matter of law. Accordingly, CT Page 704 defendant Neary's motion for summary judgment is granted.
Mary R. Hennessey, Judge