The complaint as originally drawn is based on General Statutes, § 2126, claiming a defective condition in the sidewalk. The accident happened on April 27, 1947. On October 31, 1949, a motion to amend was granted setting up another count based on nuisance. A special defense based upon the Statute of Limitations was pleaded and the present demurrer is addressed to this claim.
General Statutes, § 8324, provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within one year from the date of the act or omission complained of...."
The amendment contains no allegation coming within the terms of this statute but is one based upon a nuisance. Whether or not a nuisance exists presents a question of fact. It is alleged that the defendant "created" the nuisance, and if such a claim is substantiated by the facts the defendant may be held liable. Bacon v. Rocky Hill, 126 Conn. 402; Beckwith v. Stratford,129 Conn. 506.
If, however, it develops upon the trial that the nuisance claimed was one which arose from negligence and not from *Page 115 
some positive act on the part of the defendant, there would be no liability. Karnasiewicz v. New Britain, 131 Conn. 691.
As the matter is alleged in the amendment, it is sufficient to bring it within the provisions of § 8316, which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Which statute applies presents a factual situation which cannot be passed upon by a demurrer.
 Overruled.