BEVERLY A. ARSENAULT, ADMINISTRATRIX (ESTATE OF DAVID W. ARSENAULT), ET AL. *v.* PA-TED SPRING COMPANY, INC., ET AL.
(12877)
(13035)

PETERS, C. J., SHEA, SANTANIELLO, HULL and HIGGINS, Js.

Argued March 4—decision released April 14, 1987

*Steven J. Errante,* with whom, on the brief, was *Cindy L. Robinson,* for the appellant (plaintiff).

*Jon S. Berk,* with whom was *Philip J. O'Connor,* for the appellee (defendant Despatch Industries, Inc.).

*Molly S. Levan,* for the appellee (defendant Etter Engineering Company, Inc.).

PER CURIAM. This case concerns the applicability and the constitutionality of the ten year statute of limitations for product liability claims; General Statutes § 52-577a (a)[1]; to a suit to recover for personal injuries sustained in an accident that occurred after the expiration of the statute. The plaintiff, Beverly A. Arsenault, suing as administratrix of the estate of David W. Arsenault and in her own right, brought an action in thirteen counts to recover for the fatal injuries that her late husband sustained at his place of employment when an explosion occurred in 1983 as he was placing a tray of springs in an industrial oven. The plaintiff's com-

---

[1] General Statutes § 52-577a (a) provides: "LIMITATION OF ACTION BASED ON PRODUCT LIABILITY CLAIM. (a) No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c) and (d), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product."

plaint contained three counts, based upon General Statutes §§ 52-572m through 52-572r, alleging that the defendant Despatch Industries, Inc., the manufacturer of the oven bought in 1959 by the employer of the plaintiff's decedent, was liable to the plaintiff on a theory of negligent failure to warn that the oven was defective. That defendant moved for summary judgment on the basis of the statute of limitations, § 52-577a, which it had interposed as a special defense. The trial court, *Zoarski, J.*, granted the motion for summary judgment and rendered judgment for the defendant Despatch Industries, Inc. Thereafter, the trial court, *McKeever, J.*, granted a similar motion filed on behalf of Etter Engineering Company, Inc., the distributor who had sold the oven to the employer. The plaintiff has appealed from these judgments.

These appeals are entirely governed by our recent decision in *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 512 A.2d 893 (1986). There, as here, an action was brought to recover for injuries resulting from the use of a machine more than ten years after its vendor had parted with possession and control thereof. There, too, the trial court granted the defendant vendor's motion for summary judgment on the ground that the action was time barred. Concluding that the judgment should be affirmed, we held that § 52-577a is a complete defense to such a vendor because "the products liability statute provides an exclusive remedy and the plaintiffs cannot bring a common law cause of action for a claim within the scope of the statute." Id., 571. We also held that § 52-577a does not violate the rights established by article first, §§ 10 and 20, of the Connecticut constitution or the equal protection clause of the fourteenth amendment to the United States constitution. Id., 575–86. We specifically considered and rejected the argument, made by the plaintiff in this case, that § 52-577a deprives her of the constitutional

right to redress "by due course of law" guaranteed by article first, § 10, of the Connecticut constitution. Id., 582–86. For these reasons, the plaintiff's appeals cannot succeed.

There is no error.