[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Paul L. Lockwood, who was the Chief Sanitarian for the Town of New Fairfield from 1977 until 1987, has filed a motion for summary judgment on the first, third, fourth and tenth counts of the plaintiffs' revised complaint. The motion is filed on several grounds: (1) The claims are barred by the statute of limitations; (2) Lockwood is protected by the doctrine of governmental immunity; and (3) the fourth count for a fraudulent conveyance is moot.
A motion for summary judgment can be granted under section 384 of the Connecticut Practice Book when the documents submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CT Page 1408 Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The test is whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
The fourth count of the complaint which claims a fraudulent conveyance from Paul Lockwood to his wife, Deborah Lockwood, as to their personal residence is no longer a viable issue in this case since the plaintiffs and the Lockwoods agreed to place $30,000 of the proceeds of sale of the property involved in the fraudulent conveyance claim into escrow pending the outcome of this litigation. The proceeds will be applied to any judgment that the plaintiffs recover against Paul Lockwood. If the plaintiffs fail to recover against him, they have no claim to the $30,000. Even without the escrow agreement, the fraudulent conveyance claim would be unsuccessful without a recovery against Paul Lockwood. As stated below, Lockwood is entitled to summary judgment on the other claims in the amended complaint.
A motion for summary judgment has also been filed by the Town of New Fairfield and all of its officials and employees named in this action as defendants, which includes Lockwood in his capacity as the former Sanitarian of the Town. That motion was addressed only to the first count of the complaint. As stated in the memorandum of decision on that motion, Lockwood is protected by governmental immunity for all discretionary acts on his part surrounding installation and approval of the septic system on the plaintiffs' property. However, the court could not conclude without evidence that all the actions taken were discretionary and therefore protected by governmental immunity since some acts may have been ministerial, for which there may be personal liability of a municipal employee, the motion for summary judgment was denied.
While the third count of the complaint alleges that Lockwood acted in an individual capacity when approving the septic system, the plaintiffs have not produced any evidence to that effect to contradict the countervailing evidence filed by Lockwood. In order to defeat a motion for summary judgment, the opposing party must show that there is a genuine issue of material fact which requires a showing of evidentiary facts or substantial evidence outside of the pleadings from which material facts alleged in the pleadings can reasonably be inferred. Trotta v. Branford,26 Conn. App. 407, 412. It is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. Daily v. New Britain Machine Co., 200 Conn. 562, 569. Applying the directed verdict test, Lockwood is entitled to a summary judgment on the third count because there is no evidence to show that he acted other than as a municipal employee when he approved the septic system. CT Page 1409
Even if Lockwood was engaged in performing a discretionary governmental function when approving the septic system, a municipal employee does not have immunity for actions involving malice, intent to injure or wanton misconduct rather than negligence. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,167; Evon v. Andrews, 211 Conn. 501, 505.
Even though governmental immunity may not apply to all of the claims against Lockwood, the statute of limitations bars all of the claims against him in this case. Summary judgment may be granted when it is clear that a claim is barred by the statute of limitations. Mac's Car City, Inc. v. American National Bank,205 Conn. 255; Barnes v. Schlein, 192 Conn. 732, 738; Burns v. Hartford Hospital, 192 Conn. 451, 454; Arsenault v. Pa-Ted Spring Co., 203 Conn. 156, 158. Actions for damages for negligence or reckless or wanton misconduct are covered by section 52-584 of the General Statutes, and must be brought within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and in any event must be brought within three years from the date of the act or omission complained of. Any other tortious action by Lockwood would be covered by section 52-577 of the General Statutes which states that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." This would include an action for fraud. Rosenblatt v. Berman, 143 Conn. 31, 39, 40.
In this case, it is undisputed that any negligent or wrongful conduct by Lockwood occurred when the septic system was installed and approved by him in 1980. The plaintiffs did not commence this action against Lockwood and the other defendants until July, 1988, about eight years later. The action was brought well beyond the maximum period of three years in both section 52-577 and 52-584
of the General Statutes. The cause of action accrues with the act or omission complained of, which is when the conduct occurs, not the date when the plaintiff first discovers that damages have been sustained. Prokolkin v. General Motors Corporation,170 Conn. 289, 294-297; Bartha v. Waterbury House Wrecking Co., supra, 13; Protter v. Brown Thompson Co., 25 Conn. App. 360,364, 365. Under Connecticut law, the concept of outlawing stale claims may bar the assertion of a claim even before an individual discovers he has a cause of action. Daily v. New Britain Co., supra, 583; Kennedy v. Johns-Manville Sales Corporation,135 Conn. 176, 179-80.
Faced with the obvious statute of limitations problem, the plaintiffs have filed a motion to amend the complaint dated January 31, 1932, to amend one of the other counts of the complaint claiming fraudulent concealment of a cause of action by CT Page 1410 including Lockwood as a defendant. An attempt to amend the complaint does not preclude a summary judgment on the existing complaint since the pleadings are closed as to it. See Citizens National Bank v. Hubney, 182 Conn. 310, 313. Moreover, even if the plaintiffs can prove by the required standard of proof the elements for fraudulent concealment of a cause of action sufficient to satisfy section 52-595 of the General Statutes, it is apparent from the complaint itself that this additional claim against Lockwood was made more than three years after commencement of this action and knowledge of the plaintiffs of the defective septic system. This new claim may also be barred by the statute of limitations, Bound Brook Association v. Norwalk,198 Conn. 660, 665, 670, but that issue is not resolved at this time.
The motion for summary judgment of the defendant Lockwood, dated November 20, 1991, is granted as to the first, third, fourth and tenth counts of the complaint.
Robert A. Fuller, Judge