According to the plaintiff's April 19, 1991 revised complaint, the plaintiff, Earl A. Reichle, owned a barn located in South Windsor, Connecticut ("the Town,") and all of the personal property contained therein. On July 25, 1987, a portion of the barn was blown into the road by a storm. Thereafter, officers or employees of the Town employed J H Slater Construction Company to move the barn, and Mitchell Trucking, Inc. ("Mitchell Trucking") to raze the entire barn. The Town employed police officers to block the road while the barn was being moved and razed, and public works employees to direct the process.
In an earlier action, commenced on July 28, 1988, the plaintiff filed a three count amended complaint against the Town and Mitchell Trucking. The first count alleged that Mitchell Trucking was negligent in razing the plaintiff's barn and in destroying its CT Page 5397 contents; the second count sought indemnification from the Town under General Statutes 7-465; the third count alleged an unconstitutional taking of the plaintiff's property by the Town. On January 17, 1990, the court, Corrigan, J., granted the Town's motion to strike the second count on the ground that the Town may be held liable under General Statutes 7-465 only for the negligent acts or omissions of its employees, holding that Mitchell Trucking was not an employee under the provisions of the statute. On January 23, 1990, the plaintiff requested leave to file an amended complaint to include the municipal employees. This request was denied by the court, Ripley, J., because the plaintiff's claim was beyond the two year limitation period that governs claims brought pursuant to General Statutes 7-465. Pursuant to an agreement between the parties the court entered judgment for the Town on count two of the plaintiff's amended complaint on or before September 4, 1990.[1]
On October 9, 1990, the plaintiff commenced the instant suit by service of process, naming, in addition to the Town and Mitchell Trucking, Thomas P. D'Auria, the town building inspector, police officers Thomas Hart and Gerald S. Lewis, and public works employees Melvin Stead and John Pizzoni. This suit is brought in two counts, the first alleging the negligence of Mitchell Trucking and the Town employees, and the second claiming indemnification from the Town under General Statutes7-465.
All defendants, with the exception of Mitchell Trucking,[2] have moved for summary judgment on the grounds of governmental immunity and the statutes of limitation contained in General Statutes 7-465 and 52-584. The defendants' motion is supported by the affidavit of Thomas P. D'Auria, excerpts from the deposition of Earl Reichle, and a memorandum of law. The plaintiff has objected to the motion by filing a memorandum of law. The pleadings are closed as between the parties to the motion.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."' Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). Summary judgment may be granted when a claim is barred by the statute of limitations. Zapata v. Burns, 207 Conn. 496, 504, 542 A.2d 700
(1988); Daily v. New Britain Machine Co., 200 Conn. 562, 568-70,512 A.2d 1257 (1984); Burns v. Hartford Hospital, 192 Conn. 451,455-460, 472 A.2d 1257 (1984); Barnes v. Schlein,192 Conn. 732, 738, 439 A.2d 1066 (1982).
The defendants argue that the applicable limitations period, CT Page 5398 two years under either General Statutes 52-584 (which applies to the first count, directed to the individual defendants), or General Statutes 7-465 (which applies to count two, directed to the Town) bars this action. The plaintiff argues, however, that the action is saved by General Statutes 52-593, known as the "accidental failure of suit" statute. This statute provides, in pertinent part, that:
 When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action.
General Statutes 52-593; see also Perzanowski v. New Britain,183 Conn. 504, 505-06 n. 4, 440 A.2d 763 (1981).
In the original action, the court granted a motion to strike count two of the complaint, stating that municipal liability under General Statutes 7-465 must be predicated on prior findings of individual negligence on the part of a municipal employee, and that defendant Mitchell Trucking was not a municipal employee under the statute. Reichle v. Town of South Windsor, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 348419 (January 17, 1990). After the plaintiff was denied leave to amend its complaint to add municipal employees as defendants, the parties consented to judgment for the defendants on the second count. The dispositive issue is whether the original action failed because the plaintiff failed "to name the right person as defendant therein," or whether the judgment was a result of the plaintiff's failure to state a claim upon which relief could be granted. Although the courts have not yet provided a definitive answer to this question, several cases may provide insight into the meaning of General Statutes 52-593.
Most germane to the instant case is Perzanowski v. New Britain, supra, where the plaintiff had originally brought an action in federal court under 42 U.S.C. § 1983, alleging that the City of New Britain ("the city") abridged his civil rights when it demolished certain real property owned by him. In the federal action, the claims against the city were dismissed because the city was not a "person" amenable to suit under section 1983. Perzanowski v. New Britain, supra, 505. The plaintiff then filed suit against the city in the Connecticut Superior Court, which granted summary judgment for the defendant city, holding that the action was barred by the applicable statute of limitations. Id. The plaintiff appealed to the Connecticut Supreme Court, arguing that the action was saved by General Statutes 52-593. The court held that section 52-593 did not save the action, stating that CT Page 5399 the earlier judgment was not based on the failure to name the right party, but because the plaintiff did not state a claim upon which relief could be granted, thus distinguishing the failure to state a claim from stating a claim against the wrong defendant. Id.
Contrary authority may be found in Kliger v. Heyman, 4 CTLR 225 (Jun. 17, 1991, Fuller, J.). In Kliger, the defendants in the earlier action owned the real property upon which the plaintiff was injured. The court in the original action granted the defendants' motion for summary judgment because the owners had leased the premises to a third party not named in the complaint, finding that the lessee, and not the owners, had complete control of the property. Id., 225. The plaintiff then brought an action against the lessee under General Statutes 52-593. The court denied the defendant's motion for summary judgment on the ground that unresolved issues of fact and law remained as to the type of mistake required to bring an action with General Statute52-593, namely whether the statute requires a mistake in naming the defendants, or whether the failure to name all possible defendants is sufficient to bring a case within the saving statute. Id. 256-57.
Based on the foregoing, it is clear that the weight of authority holds that where a lawsuit fails for the failure to state a claim upon which relief may be granted, such a lawsuit does not fail for the "failure to name the right person as defendant." See Perzanowski v. New Britain, supra, 507. The weight of authority holds that in order to be saved by General Statutes 52-593 the underlying action must have failed by reason of the plaintiff's mistake in naming the defendant. See, e.g., Whipple v. Fardig, supra.
In the motion to strike the second count of the plaintiff's complaint in the original action, the court, Corrigan, J., held that the plaintiff's claims against the defendant failed to state a cause of action under General Statutes 7-465 because the municipality could not be held liable for the acts of the trucking company. The granting of this motion to strike, like the dismissal of the earlier action in Perzanowski v. New Britain, supra, constitutes a failure to state a claim, rather than a failure to name the right person as defendant, as in Whipple v. Fardig, supra. Therefore, this action is not saved by the accidental failure of suit statute, General Statutes 52-593.
"Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it." Perzanowski v. New Britain, supra, 506 (citations omitted). The plaintiff's first count against Mitchell Trucking and the individual defendants, sounding in negligence, is governed by the two year limitations period contained in General Statutes 52-584. Likewise, the plaintiff's second count, directed to the municipal CT Page 5400 defendant, is governed by the limitations period contained in General Statutes 7-465, which states, in pertinent part, that "no action for . . . damages to real or personal property shall be maintained against such municipality . . . unless such action is commenced within two years after the cause of action therefor arose . . . ."
The pleadings, affidavit, and deposition transcript unequivocally show that the alleged actionable conduct occurred on July 25, 1987, and that the instant action was not commenced until October 9, 1990, beyond the two year limitation period. Therefore, the defendant is entitled to judgment as a matter of law. Zapata v. Burns, supra, 568-70; Burns v. Hartford Hospital, supra, 455-469; Barnes v. Schlein, supra, 738.
Based on the foregoing, the motion for summary judgment on the complaint is granted as to the Town of South Windsor and as to defendants D'Auria, Hart, Lewis, Stead and Pizzoni. Because the statute of limitations is dispositive of the case, it is not necessary for the court to address the defendant's alternative ground of governmental immunity.