[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This is an action for damages for the cost of repair CT Page 6139 of a defective septic system on property of the plaintiffs. Motions for summary judgment on grounds of governmental immunity and the statute of limitations have been filed by the Town of New Fairfield and some of its officers and officials, and by the former sanitarian of New Fairfield, Paul Lockwood. Motions for summary judgment have also been filed by the builder of the house on the subject property, Russell J. Dalessio, his corporation, Dalessio Sons, Inc., and by David Williamson and Consultants Engineers, Inc., civil engineers who prepared an engineer design septic system for the subject, based on several different statutes of limitations which they have pleaded as special defenses. The plaintiffs have filed general denials to these defenses, so the motions for summary judgment can be decided since the pleadings are closed as to these defendants on the fourth revised and amended complaint. See Citizens National Bank v. Hubney, 182 Conn. 310, 313.
In a transparent attempt to save this case, the plaintiffs have filed the fourth revised and amended complaint, dated February 10, 1992, containing eleven counts based on various legal theories against the municipal defendants, the builders and the engineers, and adding a claim that the defendants fraudulently concealed from them the defects in the septic system. The plaintiffs also rely upon the theory of fraudulent concealment of a cause of action, although it is not specifically pleaded in the reply to the statute of limitations defenses of the defendants.
Summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364 Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279. The test on whether a summary judgment should be granted is resolved by applying to the established facts the same criteria as are used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; State v. Goggin, 208 Conn. 606,616. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which it can reasonably be inferred that there is a question of material fact. State v. Goggin, supra, 616; Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217. Other than claiming that there is fraudulent concealment of a cause of CT Page 6140 action, the plaintiffs have produced no evidence whatever to support this last minute claim. It is obvious that it has no factual basis whatever.
The material facts here or the statute of limitations defenses are unrefutable. In fact, some of the essential allegations come from the complaint itself. The septic system was completed about November 24, 1980 (paragraphs 20 and 21). A certificate of occupancy for the property where the septic system was located was issued on January 17, 1981 (paragraph 22). The defendant, Dalessio Sons, Inc., the builder, sold the property on, January 20, 1981 to H. Arvin Olin, who was not a party to this action. Olin sold the property by deed recorded October 19, 1983 to William Kivlen and Judith Kivlen, the plaintiffs. The complaint alleges that in the spring of 1981 Dalessio and the septic installer, John Bertrum, made repairs on the septic system, but this was over two years before the plaintiffs purchased the property. In February, 1988, the plaintiffs were informed that the septic system on the property was failing, and a formal written notice was sent to them by town officials on March 2, 1988. This action was commenced in July, 1988 when the defendants were served with the original complaint.
Summary judgment may be granted when it is clear that a claim is barred by the statute of limitations. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255; Barnes v. Schlein, 192 Conn. 732, 738; Burns v. Hartford Hospital, 192 Conn. 451, 454; Arsenault v. Pa-Ted Spring Co., 203 Conn. 156, 158. Actions for damages for negligence or reckless or wanton misconduct are covered by section 52-584 of the General Statutes and must be brought within two years from the date when the injury is first sustained or discovered or any exercise of reasonable care should have been discovered, and in any event must be brought within three years from the date of the act or omission complained of. Since this action was started against the builders seven or eight years after they concluded the work on the property, the statutes are a clear defense to claims of negligence or reckless misconduct.
Tortious acts (other than negligence or willful misconduct) by municipal officials or the builders are covered by section 52-577 of the General Statutes, which provides that no action based upon tortious conduct can be brought after three years from the date of the act or omission complained of. Section 52-577 applies to fraud claims, Rosenblatt v. Berman, 143 Conn. 31, 39, 40; D'Agostino v. D'Addio, 6 Conn. App. 187, 188; Wedig v. CT Page 6141 Brinster, 1 Conn. App. 123, 136, including claims of fraudulent misrepresentation, Day v. General Electric Credit Corporation, 15 Conn. App. 677, 683, and to all tort actions other than those carved out of section 52-577 and stated in section 52-584 or another statute. Lambert v. Stovell,205 Conn. 1, 4; Wedig v. Brinster, supra, 136; United Aircraft Corporation v. International Assn. of Machinists, 161 Conn. 79,107. A nuisance claim is also subject to section 52-577. Brandlhuber v. Hartford, 17 Conn. Sup. 114. See also Collens v. New Canaan Water Co., 155 Conn. 477, 490, 491
(tort action for property damage resulting from water diversion).
An action against a municipality for negligence of its employees, based on section 7-465 of the General Statutes, must be brought within two years after the cause of action arose, and requires proper statutory notice, Fraser v. Henninger, 173 Conn. 52, 56, which was not given here.
The statute of limitations for claims under the Connecticut Unfair Trade Practices Act runs from the occurrence of a violation, and requires commencement of suit within three years from that date. Section 42-110g(f), Connecticut General Statutes; Fichera v. Mine Hill Corporation, 207 Conn. 204, 212, 213. All the alleged wrongful acts concern installation of the septic system which occurred in 1980.
The claims against the engineers who designed the septic system, Williamson and Consultants Engineers, Inc. are governed by a special statute applying to professional engineers, section 52-584a of the General Statutes. The plaintiffs cannot dispute that the engineers completed their work on the property on November 24, 1980. Since this action was commenced in July, 1988, it was brought more than seven years after any wrongful acts of the engineers. Section 52-584a(a) states that "[n]o action or arbitration, whether in contract, in tort or otherwise, (1) to recover damages . . . shall be brought against any architect or professional engineer performing or furnishing the design, planning, supervision or observation of construction or construction of such improvement more than seven years after substantial completion of such improvement." This statute creates a seven year maximum time period on actions against engineers after substantial completion of the improvement. R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 229, which may bar an action even before the cause of action accrues. Zapata v. Burns, 207 Conn. 496, 509. As a specific statute, it applies to all actions against professional engineers for damages or design or supervision of CT Page 6142 construction of septic systems.
The plaintiffs cannot avoid the statute of limitations by claiming that the statute only commences when they first discovered the wrongful acts of the defendants, that there was some sort of continuing duty to warn the plaintiffs about a defective septic system, or that the defective installation of it was a continuing course of conduct. While a plaintiff may escape the two year limitation period for negligence in section 52-584 where "actionable harm," namely, an inquiry caused by a defendant's negligence, is not apparent when it occurs, Catz v. Rubenstein, 201 Conn. 39, 44; Burns v. Hartford Hospital, 192 Conn. 451, 460, the provision in section 52-584 which provides that "no action may be brought more than three years from the date of the act or omission complained of" bars the bringing of suit more than three years after the negligent conduct of a defendant regardless of when the plaintiff discovers the existence of a claim. Catz v. Rubenstein, supra, 49, 50. The words "act or omission complained of" is the date when the negligent conduct of the defendant occurs and not when the plaintiff first sustained damage. McDonald v. Haynes Medical Laboratory, Inc., 192 Conn. 327, 330; Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 173. There is a similar limitation in section 52-577, which has received a similar construction, and an allegation of continuing failure to warn of the defect does not prevent the statute from commencing to run from the date of the completed wrongful act. Prokolkin v. General Motors Corporation, 170 Conn. 289, 301. The creation of a dangerous condition due to negligence in construction work does not create a continuing duty to warn of the defect. Bartha v. Waterbury House Wrecking Co., supra, 13. The right to bring an action commences when the defective construction occurs and not when the damage becomes apparent to the property owner, even if discovery of it occurs after the statute of limitations has run. Kennedy v. Johns-Manville Sales Corporation, 135 Conn. 176, 179, 180
(action for damages for defective insulation of a building based on negligence and breach of contract barred by sections52-584 and 52-576). For there to be a continuing course of conduct that tolls the statute of limitations, there must be evidence of the breach of a duty that remained in existence after the commission of the original wrongful act. Fichera v. Mine Hill Corporation, supra, 209. For a continuing duty, there must be evidence of either a special relationship between the parties creating a continuing duty or some later wrongful conduct by a defendant elated to the prior wrongful act. Id., 210. Neither exists here as shown by the documents before the court on the motions for summary judgment. The fact that the plaintiffs were not aware of the CT Page 6143 defective septic system until 1988 does not toll the statute of limitations unless there was fraudulent concealment of a cause of action. Kennedy v. Johns-Manville Sales Corporation, supra, 179.
To overcome the bar of the statutes of limitations, the plaintiffs now allege that the defendants fraudulently concealed their right to commence this action against the defendants for a septic system which was known by the defendants to be defective when installed. Even assuming the defendants knew it was defective when built and when the certificate of occupancy was issued, the plaintiffs' claims are still barred by the statute of limitations. They have not alleged facts which show affirmative acts of concealment of a cause of action, as opposed to the defect itself, or any acts which induced the plaintiffs not to bring suit prior to July, 1988.
There are two fatal flaws with the claim of fraudulent concealment of a cause of action whether based on common law concepts or section 52-595 of the General Statutes. For a plaintiff to rely on the fraudulent concealment statute, it must be pleaded. D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162, 183; Rosenblatt v. Berman, supra, 39-40; Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 163. A reply to a special defense containing only a general denial of the defense is insufficient. Id.; Rosenblatt v. Berman, supra, 40. The plaintiffs have only made a general denial to the defendants' statute of limitations defenses.
A claim of fraudulent concealment of a cause of action is a separate and distinct claim from fraudulent concealment of a defect. The latter is covered by the General Statute for torts, section 52-577. Rosenblatt v. Berman, supra, 39, 40. Fraudulent concealment of a cause of action at common law and under section 52-595 has the effect of tolling the statute of limitations by providing that a fraudulently concealed cause of action is deemed to accrue against a defendant when the plaintiff first discovers its existence. The plaintiff must prove that the defendant was aware of the facts necessary to establish the cause of action and that the defendant intentionally concealed those facts from the plaintiff. Bound Brook Association v. Norwalk, 198 Conn. 660,665; Connell v. Colwell, 214 Conn. 242, 250. The defendant's actions must have been directed to the very point of obtaining the delay in filing the action which the defendant later seeks to take advantage of by pleading the statute of limitations. Bound Brook Association v. Norwalk, supra, 665, 666; Cutsumpas v. Connecticut Light CT Page 6144 Power Co., 16 Conn. App. 108, 112; Lippitt v. Ashley,89 Conn. 451, 480; Zimmerer v. G. E. Company, 126 F. Sup. 690,693 (D. Conn. 1954). The plaintiff also has to prove fraudulent concealment by the standard of clear, precise and unequivocal evidence. Bound Brook Association v. Norwalk, supra, 666; Beckenstein v. Potter Carrier, Inc., supra, 163. There has also been no proof offered by the plaintiffs that the defendants were even aware of the defects in the system or intended to conceal them, and no evidence of fraudulent misrepresentations at any time. The underlying causes of action are for negligence, willful misconduct and nuisance, not fraud. More important, there is no evidence of any contact between any of the defendants and the plaintiffs or evidence of any actions by the defendants which induced the plaintiffs not to bring suit before 1988. Even if the defendants intended to conceal defects in the septic system, there is no proof that they intended to or took actions to conceal from the plaintiffs the existence of a cause of action or induced them not to bring suit.
Summary judgment cannot be prevented by a claim of fraudulent concealment of a cause of action without evidence from the opposing party that there is a factual basis for the claim. Connell v. Colwell, supra, 247. The defendants are entitled to judgment if the directed verdict test for a summary judgment is applied. Connell v. Colwell, supra, 247.
The motions for summary judgment, based on the applicable statutes of limitations of the defendants, Russell J. Dalessio (No. 212), Dalessio Sons, Inc. (No. 213), David Williamson and Consultants Engineers, Inc. (No. 220), Paul Lockwood (No. 210), the Town of New Fairfield, et al. (No. 227), are granted.
Summary judgment is also granted to the defendants, New Fairfield, Lockwood, and the other prior and present municipal officials, on grounds of governmental immunity for reasons stated in the prior decisions dated February 21, 1992 and March 2, 1992. In addition, it should be noted that the identifiable victim/imminent harm exception does not apply here, Evon v. Andrews, 211 Conn. 501, 507, 508, particularly since the plaintiffs did not own the subject property when the septic system was installed.
Fuller, J. CT Page 6145