[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The named defendant has filed a motion for summary judgment based on the statute of limitations. The plaintiff then filed a motion to amend the complaint, and claims that the statute of limitations does not bar this action, relying upon section 52-592 of the General Statutes, the accidental failure of suit statute, and section 52-593, allowing a new action where a prior action was brought against the wrong defendant.
A motion for summary judgment can now be filed at any time even though the pleadings are not closed. Section 379 of the Connecticut Practice Book. Accordingly, the plaintiff's attempt to amend the complaint does not preclude a ruling on the motion. A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364.
The basic facts on the statute of limitations defense are apparent from the court file, and the plaintiff has not filed any documents in opposition. Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that shows the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616. The brief in opposition to the motion contains some history of the prior proceeding which terminated in favor of the defendants. Statements by counsel are not considered evidence, but even if those facts are considered for reasons stated below, the plaintiff has not shown that there is a genuine issue as to any material fact. A material fact is a fact which will make a difference in the CT Page 2443 result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578. In ruling upon a motion for summary judgment where there is no material factual issue, the next question is whether the defendant is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11. The test is whether a party would be entitled to a directed verdict based upon the established facts. Connelly v. Housing Authority, supra, 364.
A summary judgment may be granted where the action is barred by the statute of limitations. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255; Arsenault v. Pa-Ted Spring Co., 203 Conn. 156, 158; Barnes v. Schlein, 192 Conn. 732,738. The complaint alleges that the plaintiff was injured on September 5, 1988. This action was commenced against the defendant, New England Railroad Construction Co., Inc., on April 16, 1991. The action is barred by section52-584 of the statute of limitations for negligence actions which requires suit to be brought within two years from the date when the injury is first sustained or discovered.
Even though the plaintiff's motion to amend the complaint has not been granted, the court has discretion to allow amendments in response to a motion for summary judgment, and to consider the attempted amendment in deciding whether to grant a summary judgment. Conference Center Ltd. v. TRC, 189 Conn. 212, 217. For purposes of this motion, relevant facts on the history of the proceedings contained in the amended complaint will be considered. It alleges that a prior action was commenced against New England Construction Co., Inc. and J. William Burns, the Connecticut Commissioner of Transportation, on August 16, 1990 in Docket No. CV90-0302910S. The two year statute of limitations in the original action would have run on September 5, 1990. On September 24, 1990, and more than two years after the accident, the plaintiff filed a motion to substitute the named defendant in this action, New England Railroad Construction Co., Inc., for New England Construction Co., Inc. The court granted the motion to substitute, but New England Railroad Construction Co., Inc. was not served with a copy of the complaint. On March 11, 1991, the action was dismissed as to it for lack of jurisdiction. This action was commenced against the named defendant on April 16, 1991.
Where they apply, both sections 52-592 and 52-593 of the CT Page 2444 General Statutes allow a plaintiff to bring a new action within one year after termination of the original action. While the second suit here was brought about one month after termination of the original prior action, and satisfies that component of both statutes, this case has the added dimension that the defendant was never served in the original action within the two year statute of limitations. Section52-592(a) provides in part that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service . . . or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." In Pintavalle v. Valkanos, 216 Conn. 412, 416 and Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156, 159-60, it was held that the words "original action" in the statute means the first action brought by the plaintiff within a period of the applicable statute of limitations. However, dismissal of the prior action does not mean that section52-592 supersedes other statute of limitations, such as section 52-584. Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 412; Ross Realty Corporation v. Surkis, 163 Conn. 388, 392-93. Section 52-592(a) expressly requires the original action to be "commenced within the time limited by law" which would be the statute of limitations for that type of claim. Accordingly, the statute does not save a personal injury action otherwise barred by section 52-584 of the General Statutes where the original action was not commenced within two years of the negligent act of the defendant. Vessichio v. Hollenbeck, 18 Conn. App. 515, 519; see also Skibeck v. Avon, 24 Conn. App. 239, 243. While the original action was commenced within the two year limitations, there was no attempt to make the named defendant a party in that action until more than two years after the accident, and it was never made a party due to the plaintiff's failure to serve a copy of the complaint on it.
Where a plaintiff attempts to amend a complaint to add a new cause of action, it does not relate back to the original complaint, and will be barred by the statute of limitations. See Gurliacci v. Mayer, 218 Conn. 531, 546; Sharp v. Mitchell, 209 Conn. 59, 71-72; Keenan v. Yale New Haven Hospital, 167 Conn. 284, 286. Moreover, where a new party is added to an action, the statute of limitations will bar the CT Page 2445 claim against that party unless it was served with the complaint within the time limit of the statute of limitations. Kaye v. Manchester, 20 Conn. App. 439, 444; Pack v. Burns, 212 Conn. 381, 384-85; Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 527, 528. If the named defendant had properly been brought into the original suit on September 24, 1990, it would have had an ironclad statute of limitations defense. The plaintiff cannot use section 52-592
to revive its moribund cause of action, like Lazarus rising from the dead. The statute was not intended to place a delinquent plaintiff in a better position than it would have been in if the action were properly brought within the statute of limitations.
Section 52-593 of the General Statutes also fails to save this action. It states in part that: "When a plaintiff in any civil action has failed to obtain a judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action." The statute does not apply unless the plaintiff failed to obtain judgment in the original action because of the failure to name the right person as a defendant. Perzanowski v. New Britain, 183 Conn. 504,507; Vessichio v. Hollenbeck, supra, 520. See also Reichle v. Town of South Windsor, 7 CSCR 897 (1992) (Burns, J.).
While not essential to the result here, the plaintiff must also show that "failure to name the right person as defendant" was the defect in the original action in order to rely on section 52-593. There is a distinction between amending a complaint to correct the description of an existing party, which is allowed, and the substitution or entire change of a party, which is not. Kaye v. Manchester, supra, 444; Pack v. Burns, supra, 384, 385. The test which is applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way. Id., 385. There is nothing in the record to indicate that naming New England Construction Co., Inc. rather than CT Page 2446 New England Railroad Construction Co., Inc. was a misdescription of a party, and they appear to be two independent legal entities. This is not a situation where the plaintiff misidentified the wrong party as the tortfeasor, Whipple v. Fardig, 109 Conn. 460, but rather a case where the plaintiff named a corporation with a similar name which had no connection with the accident.
Since it is apparent that neither section 52-592 or52-593 apply here to save this case from the statute of limitations defense, the motion to amend should be denied. See Simmons v. Southern Connecticut Gas Co., 7 Conn. App. 245,248; Conference Center Ltd. v. TRC, supra, 217. The statute of limitations would bar the original action even though it was dismissed for other reasons. Vessichio v. Hollenbeck, supra, 519, 520; Perzanowski v. New Britain, supra, 507.
The motion for summary judgment is granted.
Robert A. Fuller, Judge