[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT CT Page 79
This is a four count Second Revised Complaint seeking damages as a result of a slip and fall down accident on an icy public sidewalk. Counts one and four are directed against the Town of Enfield. Counts two and three seek to hold the abutting landowner, Allen, liable, count two claiming liability under the Enfield Town Code, and count three claiming a public nuisance.
Defendant Allen has moved for summary judgment on counts two and three. Both parties rely on memoranda of law filed in response to an earlier motion for summary judgment on a previous complaint containing identical counts two and three.
 I.
In count two, plaintiff claims that defendant Allen violated Article III, 9-11(c) of the Enfield Town Code which requires "every owner or occupant of any premises within the Town where there is a sidewalk, to remove or cause to be removed from said sidewalk, any and all snow and ice." 9-12(a) of the code provides that violators of this section are guilty of a misdemeanor and subject to fines. Defendant Allen claims this municipal code section does not impose any liability on him.
Our Supreme Court has held in Wilson v. New Haven,213 Conn. 277 (1989) that an abutting landowner, in the absence of a statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. "Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Willoughby v. New Haven, 123 Conn. 446, 454 (1937).
 Imposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and costs for failure to do so or for clearing the same by the municipality and CT Page 80 collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon.
Agosto v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256608 (December 18, 1990, Flynn, J.), quoting Willoughby v. New Haven, supra, 451; see also Klein v. Bushnell Congregational Church, 5 CSCR 145 (January 31, 1990, Allen, J.).
Motion for Summary Judgment granted as to count two.
 II.
Defendant Allen moves for summary judgment on count three arguing that plaintiff's claim of public nuisance is barred by the applicable statute of limitations, General Statutes 52-584, the two year statute. Both plaintiff and the defendant Town argue that count three alleges an intentional tort, which is not barred because it is governed by the three-year statute of limitations imposed by General Statutes 52-577.
Our Supreme Court has held the three-year limitation of 52-577 applicable to all actions founded upon a tort which do not fall within those causes of action carved out of 52-577 and enumerated in 52-584 or another action. Travelers Indemnity Co. v. Rubin, 209 Conn. 437,441 (1988). Allegations of intentional conduct are governed by 52-577; Lambert v. Stovell, 205 Conn. 1, 5, (1987), whereas allegations of negligent, reckless and wanton conduct, or malpractice are governed by 52-584. Nardi v. AA Electronic Security Engineering, 32 Conn. App. 205,210, (1993).
Count three alleges that defendant Allen's actions constituted a public nuisance. A nuisance may be classified as absolute nuisance or negligent nuisance. Green v. Ensign-Bickford Co., 25 Conn. App. 479, 490, (1991). "If the condition arises out of the creator's unintentional but negligent act, i.e. a failure to exercise due care, the resulting condition is characterized as a negligent nuisance." Quinnet v. CT Page 81 Newman, 213 Conn. 343, 348-49, (1990), citing Kostyal v. Cass, 163 Conn. 92, 98-99, (1972). If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute. Quinnet v. Newman, supra, 348, citing DeLahunta v. Waterbury, 134 Conn. 630, 633-34, (1948).
In count three of the second revised complaint, the plaintiff alleges that defendant Allen "intentionally aided and contributed to the dangerous and defective condition on the sidewalk" constituting a public nuisance. Reading this count most favorable to the plaintiff, the non-moving party, we conclude that has been alleged an absolute nuisance.
In Baker v. Fidelity Trust Co., 2 CSCR 730, 731
(June 18, 1987, Ryan, J.), the court stated "The language of the statutes, coupled with the decisions at the superior court level, suggest that absolute nuisance is subject to the three-year limitation period, whereas negligent nuisance is subject to the two-year limitation period." Section 52-577 has been usually held as the applicable statute of limitations for nuisance claims. See Electroformers, Inc. v. Embart Corporation,8 Conn. L. Rptr. 307, 310 (January 29, 1993, Fuller, J.), citing Collens v. New Canaan Water Co., 155 Conn. 477, 490-91
(1967); Brandlhuber v. Hartford, 17 Conn. Sup. 114
(1950); see also Campagna v. Weiss, 1 CSCR 699
(August 29, 1986, Purtill, J.) citing Maynard v. New Haven Gas Co., 20 Conn. Sup. 31, 34, (1955). Moreover,52-577 has even been held to apply to a claim alleging the negligent maintenance of a public sidewalk that abutted an individual's property. See Vittorio v. City of Bridgeport, 9 Conn. L. Rptr. 477, 478 (July 28, 1993, Ballen, J.); Campagna v. Weiss, supra.
Accordingly we hold that 52-577 is applicable to plaintiff's claim under count three. Since count three was filed within three years of the date on which the accident occurred, January 15, 1990, defendant Allen's motion for summary judgment as to count three is denied.
Wagner, J. CT Page 82