[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 15, 1993, the plaintiff, John Currie, filed a three count complaint against the defendants, Perkin Elmer Corp. (Perkin), Yale Material Handling Corp. (Yale) and Industrial Trucks, Inc. (Industrial). The plaintiff alleges negligence against Perkin in count one, and a product liability action, pursuant to General Statutes § 52-272, against Yale and Industrial, in counts two and three. The plaintiff alleges that he repaired a flat tire on a fork lift owned by Perkin, and immediately thereafter, the wheel rim assembly, on which the tire was mounted, shattered explosively, injuring the plaintiff. The plaintiff further alleges that the fork lift was manufactured, sold or distributed by Yale, and was sold or distributed by Industrial. Norwalk Currie Tire Company filed an intervening complaint, on September 20, 1993, for reimbursement of worker's compensation benefits paid, or to be paid to the plaintiff.
On November 23, 1994, Yale and Industrial filed a motion for summary judgment on the grounds that the plaintiff's action is barred by the ten year statute of repose. General Statutes §52-577a. Yale and Industrial also filed a supporting memorandum of law, Yale's responses to plaintiff's interrogatories, an affidavit of Roy Perler, President of Industrial, and Perkin's responses to the plaintiff's interrogatories. The plaintiff has not filed any memorandum or evidence in opposition to the defendant's motion for summary judgment.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) WaterCT Page 4242and Way Properties v. Colt's Manufacturing Co., 230 Conn. 660,664, 646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., supra, 230 Conn. 665.
General Statutes § 52-577a provides, in pertinent part, that "[n]o product liability claim as defined in section 52-572m
shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product."
The evidence provided by Yale and Industrial demonstrates that the fork lift was sold by Yale's predecessor in interest to Industrial in 1973. Perler, Industrial's President, attests that the fork lift was then sold by Industrial to Perkin prior to 1975. Perkin also states, in its answer to the plaintiff's interrogatories, dated July 18, 1994, that it purchased the fork lift 18 years prior to the date of the accident.
The defendants Yale and Industrial have provided evidence showing that there is no genuine issue of material fact that the fork lift was sold more than ten years prior to the date this action was brought. Furthermore, plaintiff has failed to provide any evidence in opposition. Therefore, the plaintiff's product liability claims brought pursuant to General Statutes § 52-572, are barred by the statute of repose, General Statutes §52-577a. See Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,562 A.2d 517 (1989); Keleman v. Rimrock Corp., 207 Conn. 599, CT Page 4243542 A.2d 720 (1988); Arsenault v. Pa-Ted Spring Co., 203 Conn. 156,523 A.2d 1283 (1987); Daily v. New Britain Machine Co., 200 Conn. 562,512 A.2d 893 (1986). Accordingly, the defendant's motion for summary judgment is granted.
KARAZIN, J.